UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRINA HILL,<br><br>    Plaintiff,<br><br>  v.<br><br>GOODFELLOW TOP GRADE,<br><br>    Defendant. | Case No.18-cv-01474-HSG<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 10 |

Pending before the Court is a motion to dismiss by Defendant Goodfellow Top Grade. Dkt. No. 10. For the reasons set forth below, the Court **DENIES** Defendant's motion.[1]

**I.    BACKGROUND**

Plaintiff Trina Hill is proceeding pro se. She alleges claims under 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"). *See* Dkt. No. 1 (Complaint or "Compl."). Specifically, she brings two causes of action: (1) discrimination based on race, color, and sex; and (2) harassment based on race, color, and sex.

Plaintiff signed the Complaint on March 5, 2018 and filed it on March 6. Defendant filed a motion to dismiss on April 20, 2018. Dkt. No. 10 ("Mot."). Plaintiff filed an opposition on May 4, 2018, Dkt. No. 20 ("Opp."), and Defendant replied on July 12, 2018, Dkt. No. 21 ("Reply").

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

A statute of limitations defense may be raised by a motion to dismiss "[if] the running of the statute is apparent on the face of the complaint." *Ledesma v. Jack Stewart Produce, Inc.*, 816 F.2d 482, 484 n.1 (9th Cir. 1987); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). But a complaint may not be dismissed unless it appears "beyond doubt" that the plaintiffs can prove no set of facts that would establish the timeliness of the claim. *Hernandez v. City of El Monte*, 138 F.3d 393, 402 (9th Cir. 1998).

"Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). For that reason, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations marks and citations omitted). In addition, "[i]n civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim–Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

### III. DISCUSSION

#### A. Plaintiff Did Not Allege Disability Discrimination in Her Charge to the EEOC, and Does Not Allege It in This Court.

Before turning to Plaintiff's Title VII claim, the Court briefly addresses whether Plaintiff

has brought a disability discrimination claim. While there initially appeared to be a dispute over whether Plaintiff was asserting such a claim, *see* Mot. at 4-5, Plaintiff has since clarified that she is not, *see* Opp. at 3. Nevertheless, Defendant maintains its request that this Court "dismiss Plaintiff's disability discrimination claim based on the Court's lack[ of] subject matter jurisdiction." Reply at 2. It is true that Plaintiff incorrectly represents that the charge she filed with the Equal Employment Opportunity Commission ("EEOC") alleged disability discrimination. *Compare* Compl. ¶ 8 (Plaintiff's representation that her EEOC charge alleged disability discrimination), *with id.* at 8 (EEOC charge checking boxes for discrimination based on race, color, sex, and retaliation, but not disability). In any event, the Court does not read the Complaint to bring a cause of action for disability discrimination in *this* forum. Accordingly, there is nothing further for the Court to address.

### B. At This Stage, Plaintiff Has Pled Facts Demonstrating That Her Title VII Claim Is Timely.

Defendant contends that Plaintiff's Title VII claim is facially time-barred because she failed to file it within 90 days of receiving the EEOC's right-to-sue letter. *See* Mot. at 2-4. Based on the facts alleged, the Court disagrees.

Upon dismissing a charge of discrimination, "the EEOC must notify the claimant and inform her that she has ninety days to bring a civil action." *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121 (9th Cir. 2007) (citing 42 U.S.C. § 2000e-5(f)(1)). This 90-day window "operates as a limitations period." *Id.* Right-to-sue letters are presumed to be mailed on the letter's issuance date, *id.* at 1123, and to be received three days thereafter, *id.* at 1125. Both presumptions are rebuttable. See *id.* at 1124, 1126. To rebut the latter presumption, "courts look for evidence suggesting the receipt was delayed beyond the presumed period." *Id.* at 1126. (citation omitted). The Ninth Circuit noted that the Second Circuit has "found that if a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail, the initial presumption is not dispositive." *Id.* (citing *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 524 (2d Cir. 1996)). "[G]eneral claims that the mail is

3

sometimes delayed" are insufficient. *Id.* "Rather, to rebut a mailing presumption, the plaintiff must show that she did not receive the EEOC's right-to-sue letter in the ordinary course." *Id.*

Here, Plaintiff's right-to-sue letter is dated November 30, 2017, and includes a notation verifying the letter was mailed on this date. Compl. at 9 (ECF pagination). Accordingly, under *Payan*, the EEOC is presumed to have mailed the right-to-sue letter on Thursday, November 30, 2017. The third day after November 30 was Sunday, December 3, 2017. Normally, when the last day of a period falls on a weekend or holiday, the "period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Plaintiff is thus presumed to have received the letter by Monday, December 4, 2017, unless she can rebut the presumption as set forth in *Payan*. Under this presumption, the 90-day clock began on December 4 and ended on March 5, 2018. In that scenario, because Plaintiff filed the Complaint on March 6, 2018, her Complaint would be untimely and time-barred under Title VII.

Plaintiff, however, contends that she "received the [right-to-sue] notice on Dec. 6, 2017 and filed my complaint on March 6, 2018. This was the ninetieth day. Therefore, my complaint was filed on time." Opp. at 3. As support, she submits a declaration in which she states that she requested a right-to-sue letter from the EEOC in September 2017. Dkt. No. 20 at 4-7 (Declaration of Trina Hill, or "Hill Decl.") ¶ 4. By November 2017, Plaintiff still had not received a letter, and so that month "went to the EEOC" and "spoke to someone… who said I should be receiving the letter soon." *Id.* ¶¶ 5-6. Plaintiff "checked [her] mail daily" after that. *Id.* ¶ 7. The remainder of Plaintiff's declaration states the following:

> I recall that when I received the EEOC letter it was toward the end of the week. I had an appointment that Thurs. and [I] recall receiving it that day before. . . . Again my hair appointment was on Thurs. I recall receiving [the] letter [the] day before my appointment.

*Id.* ¶¶ 8-9.

Making all inferences in Plaintiff's favor—as the Court must do at this stage—the Court finds that she has sufficiently alleged that she received the letter not on December 4, 2017, but on December 6. Plaintiff alleges, for example, that she "checked [her] mail daily" starting in November 2017. Hill Decl. ¶ 7. She further avers facts consistent with her claim that she received

4

the letter on December 6—namely, that she recalls receiving the letter on a Wednesday. *See id.* ¶¶ 8-9.[2] Based on the record at this stage, the 90-day limitations period thus began on December 6, 2017 and ended on March 6, 2018, the day Plaintiff filed her Complaint. Plaintiff's Title VII claim is therefore timely-filed.

**IV. CONCLUSION**

Defendant's motion is **DENIED**. The Court **SETS** a further case management conference for September 11, 2018 at 2:00 p.m. The parties should be prepared to propose a case schedule, and should meet and confer before the hearing to reach an agreed-upon schedule if possible.

Last, the Court again advises Plaintiff that the Legal Help Center at both the San Francisco and Oakland Federal Courthouses provides free information and limited-scope legal advice to pro se litigants in civil cases. Services are provided by appointment only. An appointment may be scheduled by either: (1) signing up in the appointment book located outside the door of the Legal Help Center in San Francisco or Oakland, or (2) calling (415) 782-8982. The Court strongly encourages Plaintiff to take advantage of this resource.

**IT IS SO ORDERED.**

Dated: 8/21/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] The Court takes judicial notice of the fact that December 6, 2017 fell on a Wednesday. *See* Fed. R. Evid. 201(b).