UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRINA HILL,<br><br>    Plaintiff,<br><br>v.<br><br>GOODFELLOW TOP GRADE,<br><br>    Defendant. | Case No. 4:18-cv-01474-HSG  (KAW)<br><br>**ORDER REGARDING 3/4/19 JOINT LETTER RE: DEPOSITION**<br><br>Re: Dkt. No. 63 |

On March 4, 2019, the parties filed a joint letter in which Defendant Goodfellow Top Grade Construction, LLC seeks to compel Plaintiff Trina Hill to undergo two additional hours of deposition. (Joint Letter, Dkt. No. 63.)

Upon review of the joint letter, the Court finds that this matter is suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and grants Defendant's request to compel one additional hour of deposition limited to those documents produced after Plaintiff's deposition.

## I.   RELEVANT BACKGROUND

Plaintiff Trina Hill worked for Defendant Goodfellow Top Grade Construction, LLC as a laborer and "flagger" from May 19, 2017 to September 18, 2017, when Plaintiff claims she was constructively discharged. Plaintiff, an African American woman, alleges that she was discriminated against on the basis of race and sex, and was subject to retaliation for filing complaints regarding discrimination, in violation of Title VII.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 30, "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours." Fed. R. Civ. P. 30(d)(1). The party seeking a

1 court order to extend the examination must show good cause. Fed. R. Civ. P. 30(d) advisory
2 committee's notes to 2000 amendment.

### III. DISCUSSION

Here, Defendant seeks to compel two additional hours of deposition to question Plaintiff about her admitted sale of prescription drugs, as well as her emotional distress damages, mitigation of damages, the remaining allegations in her complaint, and the documents produced after her deposition. (Joint Letter at 2-3.)

#### A. Plaintiff has not waived her Fifth Amendment rights.

Defendant claims that Plaintiff has waived her Fifth Amendment right against self-incrimination, and the testimony is relevant to its affirmative defenses of unclean hands and her mitigation of damages. *Ids.*

In opposition, Plaintiff contends that she has not incriminated herself, because events that occur outside of the limitations period are not incriminating. (Joint Letter at 4.) Plaintiff points out that she only answered three questions concerning prescription drug sales, none of which reveal any wrongdoing during the limitations period. *Id.* While it may be inferred that Plaintiff sold her prescription medications during the past five years, she did not testify as to when those sales occurred. (Tr., Joint Letter, Ex. A at 205:25-206:9.) Thus, Plaintiff has not waived her Fifth Amendment privilege against self-incrimination. Even if she had, she could invoke her right against self-incrimination at any time to prevent further questioning. *See In re Master Key Litigation,* 507 F.2d 292, 294 (9th Cir. 1974).

Moreover, Plaintiff applied for and accepted new employment after her alleged constructive termination, so the mitigation of back pay defense does not apply. (*See* Joint Letter at 5.)

Accordingly, Defendant is not entitled to additional deposition time to question Plaintiff about selling her prescription medications.

#### B. Defendant is only entitled to question Plaintiff about documents produced after her deposition.

Additionally, Defendant seeks to question Plaintiff about her emotional distress damages,

2

mitigation of damages, the remaining allegations in her complaint, and documents produced after the deposition. (Joint Letter at 2-3.) Defendant, however, does not explain why it did not question Plaintiff about her emotional distress, mitigation, or the remaining allegations during her deposition. Rather, and without elaboration, Defendant only claims that the questioning could not have been concluded in seven hours, due to the "scope of Plaintiff's claims and damages, her post-deposition document production, and the obstructive conduct of Plaintiff's counsel in response to questions directly related to Defendant's defenses." (Joint Letter at 3.) As discussed above, Plaintiff's prescription medication use and sales are not relevant to Defendant's defenses. Accordingly, Defendant does not provide good cause to extend the deposition on these topics.

Defendant is, however, entitled to question Plaintiff on the documents produced after the deposition. During the parties' meet and confer, Plaintiff offered to sit for one additional hour of deposition limited to those documents. (Joint Letter at 4 n. 1.) Accordingly, Defendant is permitted to depose Plaintiff for one additional hour to elicit testimony pertaining only to those documents produced after the deposition.

## IV. CONCLUSION

In light of the foregoing, Defendant may, if necessary, depose Plaintiff for one additional hour, which will be limited to those documents produced after the deposition.

IT IS SO ORDERED.

Dated: April 24, 2019

KANDIS A. WESTMORE
United States Magistrate Judge