UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRINA HILL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GOODFELLOW TOP GRADE,<br><br>　　　　Defendant. | Case No. 4:18-cv-01474-HSG (KAW)<br><br>**ORDER REGARDING 3/4/19 JOINT LETTER RE REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Re: Dkt. No. 62 |

On March 4, 2019, the parties filed a joint letter in which Plaintiff Trina Hill seeks to compel supplemental responses and documents from Defendant Goodfellow Top Grade Construction, LLC concerning the employment and termination of African American employees. (Joint Letter, Dkt. No. 62.)

Upon review of the joint letter, the Court finds that this matter is suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and grants, in part, Plaintiff's request to compel supplemental responses.

## I.　RELEVANT BACKGROUND

Plaintiff Trina Hill worked for Defendant Goodfellow Top Grade Construction, LLC as a laborer and "flagger" from May 19, 2017 to September 18, 2017, when Plaintiff claims she was constructively discharged. Plaintiff, an African American woman, alleges that she was discriminated against on the basis of race and sex, and was subject to retaliation for filing complaints regarding discrimination, in violation of Title VII.

## II.　LEGAL STANDARD

The Federal Rules of Civil Procedure broadly interpret relevancy, such that each party has the right to the discovery of "any nonprivileged matter that is relevant to any party's claim or

defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Discovery need not be admissible to be discoverable. *Id.* The court, however, "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Furthermore, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by precluding discovery, by conditioning disclosure or discovery on specified terms, by preventing inquiry into certain matters, or by limiting the scope of discovery to certain matters. Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

### III. DISCUSSION

Here, Plaintiff seeks an order requiring Goodfellow to produce information or documents sufficient to show the number of African Americans it employed and terminated each month from October 2017 to present. (Joint Letter at 1.) Goodfellow has already produced the requested information for May through September 2017, the period of Plaintiff's employment, and objects to any further production on the grounds that the production would be overbroad and unduly burdensome, and that the information sought is not relevant. *Id.*

Specifically, Defendant contends that the request is unduly burdensome, because it took 16 hours to manually search the employment records to obtain the information for the five months of Plaintiff's employment. (Joint Letter at 5.) Plaintiff argues that Defendant can rely on the spreadsheet it made during the initial search. *Id.* at 4. Goodfellow contends that it cannot, because the information entered in the spreadsheet is limited to May through September 2017. *Id*. at 5.

Moreover, Plaintiff's solution of producing redacted personal files is no less burdensome, because Goodfellow would still have to conduct the same manual search to determine who worked between October 2017 to present, and then search their files to determine if they self-identified as

African American. (See Joint Letter at 3, 5.)

Plaintiff cites to *Greene v. Safeway stores, Inc.*, 98 F.3d 554, 561 (10th Cir. 1996), in support of her contention that the information relates to Goodfellow's pattern and practice of discriminating against African American employees. (Joint Letter at 2.) Moreover, Plaintiff argues that the demographic information is in the sole possession of Defendant, such that she has no other way to obtain it except through discovery. (Joint Letter at 3.)

By way of compromise, Defendant has offered to produce demographic data reflecting the number of African American employees terminated by Plaintiff's direct supervisor, Mr. Garcia, at the Chase Center job site for the three-month period following her employment (October to December 2017). (Joint Letter at 5.) Defendant cites to *Greene* in support of its compromise, and contends that Mr. Greene presented demographic data from during his employment and three months after his employment was terminated, and only for those employees who reported to Defendant's newly-hired president. *Id.* This is not entirely accurate. In *Greene,* the plaintiff's direct supervisor was Safeway's Chief Operating Officer, not the new president. 98 F.3d at 555. It is unclear who the direct supervisors for the other eight executives were. *See id.* at 560. Regardless, here, Plaintiff was not an executive reporting to the head of the company. Rather, she was a laborer reporting to one supervisor, of which there appears to be multiple, so limiting discovery to her supervisor is inappropriate. Thus, the Court finds that demographic data for all African American employees hired, terminated, and retained at the Chase Center job site from October to December 2017, regardless of supervisor, is proportional to the needs of the case, because, as Plaintiff argues, Defendant alone has access to this information.

## IV. CONCLUSION

In light of the foregoing, Defendant is ordered to produce the demographic information or documents sufficient to show the number of African Americans Goodfellow employed and terminated each month from October to December 2017 within 14 days of this order.

IT IS SO ORDERED.

Dated: April 25, 2019

KANDIS A. WESTMORE
United States Magistrate Judge

3