1    J. DAVID HADDEN (CSB No. 176148)
     dhadden@fenwick.com
2    FENWICK & WEST LLP
     Silicon Valley Center
3    801 California Street
     Mountain View, CA 94041
4    Telephone: 650.988.8500
     Facsimile: 650.938.5200

PHILLIP J. HAACK (CSB No. 262060)
phaack@fenwick.com
ERIC B. YOUNG (CSB No. 318754)
eyoung@fenwick.com
CHIEH TUNG (CSB No. 318963)
ctung@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

Attorneys for Plaintiff
Trina Hill

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| TRINA HILL,<br><br>    Plaintiff,<br><br>v.<br><br>GOODFELLOW TOP GRADE,<br><br>    Defendant. | Case No.: 4:18-cv-01474-HSG (KAW)<br><br>**NOTICE OF RELATED CASE PURSUANT TO CIVIL L.R. 3-12; ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that a related case, *Diana A. Monroe v. Goodfellow Top Grade,* Case No. 3:18-cv-07673-LB, was filed on December 21, 2018 in the United States District Court for the Northern District of California. Pursuant to Civil Local Rules 3-12(b) and 7-11 of the United States District Court for the Northern District of California, Plaintiff Trina Hill submits this Administrative Motion to Consider Whether Cases Should be Related.

## I. APPLICABLE STANDARD UNDER CIVIL L.R. 3-12

Under Civil Local Rule 3-12(a), an "action is related to another when: (1) the actions concern substantially the same parties, property, transaction or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." Civil L.R. 3-12(a). When a party knows or believes that an action may be related to an action which is or was pending in the Northern District, it "must promptly file in the earliest-filed case an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-11."

## II. RELATED CASES

The Court should relate this action with that of Ms. Diana Monroe, No. 3:18-cv-07673-LB, currently pending before Honorable Magistrate Judge Beeler of this District. The cases involve the same defendant, Goodfellow Top Grade, the same discriminatory practices and harassment, the same individuals and witnesses (including Goodfellow Top Grade personnel), the same hostile work environment during substantially the same period, and Goodfellow's constructive and/or actual wrongful termination of both Ms. Hill and Ms. Monroe. As a result, the cases require determination of substantially the same questions of fact and law, including, but not limited to:

- Whether Ms. Hill and Ms. Monroe suffered adverse employment actions because they share a protected characteristic (sex or race);
- Whether Goodfellow foreman Tim Sardam moved only Ms. Hill and Ms. Monroe to the night shift, and the circumstances surrounding that decision;
- Whether Ms. Hill and Ms. Monroe were consistently praised for the quality of their work by the general contractor;
- Whether Goodfellow employee Michael Bounds exposed himself to Ms. Hill and Ms. Monroe on the Goodfellow job site;
- The facts concerning the appearance of a phallic item at the location where Ms. Hill and Ms. Monroe usually worked;

- Whether Goodfellow acted according to its own guidelines and procedures in responding to workplace violations by men and non-black workers;
- Whether Mr. Sardam told Ms. Hill and Ms. Monroe that they were under investigation based on false accusations, not to talk to anyone about it, and that their jobs were in jeopardy;
- Whether Goodfellow supervisor Leonard Garcia told Ms. Hill and Ms. Monroe that there was no work for flaggers, gave them option of a job doing "dust control" or stay home, and then replaced them with male flaggers during the same period;
- Whether Goodfellow's replacement of black workers with Hispanic workers constitutes racial discrimination under Title VII;
- Whether Ms. Hill and Ms. Monroe were hired for a "flagging only" position and whether Goodfellow was aware of that fact when, through its agents, it attempted to move Ms. Hill and Ms. Monroe to general labor duties at the job site;
- Whether Ms. Hill or Ms. Monroe are on a "flagging only" list with the union through which they received their positions working for Goodfellow;
- Whether Ms. Hill or Ms. Monroe misrepresented their qualifications for the flagging job for which they were engaged;
- Whether Ms. Hill or Ms. Monroe had ever previously performed "dust control" labor for Goodfellow;
- Whether Goodfellow's comments to, and attempted reassignment of Ms. Hill and Ms. Monroe to the night shift and "dust control" duties constituted a materially adverse change in the terms and conditions of their employment;
- Whether comments and actions by Usalia Marquez, Goodfellow foreman Tim Sardam, Goodfellow safety supervisor Jim Herron, Goodfellow site lead Leonard Garcia, and a similar set of other individuals constituted systematic discrimination and/or created a hostile work environment sufficient to make a reasonable person feel compelled to resign because the employer intentionally caused objectively intolerable working conditions or knowingly allowed them to exist;

- Whether Goodfellow's reassignment, relocation, and disciplinary action against Ms. Hill and Ms. Monroe were merely pretense for their termination as part of a systematic exclusion of African Americans or women from the job site or otherwise occurred under circumstances suggesting Goodfellow's discriminatory motive;
- Whether Ms. Hill and Ms. Monroe exhausted their administrative remedies by filing complaints with their union or seeking and receiving right-to-sue letters;
- Whether Ms. Hill's and Ms. Monroe's complaints to Goodfellow or the general contractor representatives were protected activities under Title VII;
- Whether Goodfellow was aware of Ms. Hill's and Ms. Monroe's complaints;
- Whether there exists a causal link between Ms. Hill's and Ms. Monroe's protected activity and the adverse employment action they faced;
- Whether Ms. Hill and Ms. Monroe are both entitled to recover front pay, back pay, and compensation for emotional distress caused by Goodfellow's discriminatory actions;
- Whether Ms. Hill or Ms. Monroe adequately mitigated their damages; and
- Whether Goodfellow is liable for Ms. Hill's and Ms. Monroe's compensatory damages for substantially the same conduct, and if so, in what amount

## III.  CONCLUSION

Because the Hill and Monroe cases involve substantially the same parties and events, relating them will reduce burdensome duplication of labor and expense, as well as the possibility of conflicting results if the cases proceed before different judges. L.R. 3-12(b).

Dated:   June 5, 2019                              FENWICK & WEST LLP

By: */s/ Eric B. Young*
    Eric B. Young

    Attorneys for Plaintiff
    Trina Hill