**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOSEPH R. LORDAN, SB# 265610
   Email: Joseph.Lordan@lewisbrisbois.com
ALLISON L. SHRALLOW, SB#272924
   Email: Allison.Shrallow@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile:  415.434.0882

Attorneys for Defendant GOODFELLOW TOP GRADE CONSTRUCTION, LLC (erroneously sued as Goodfellow Top Grade)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| TRINA HILL,<br><br>                Plaintiff,<br><br>        vs.<br><br>GOODFELLOW TOP GRADE,<br><br>                Defendant. | CASE NO. 4:18-cv-01474-HSG<br><br>**DEFENDANT GOODFELLOW TOP GRADE CONSTRUCTION, LLC'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

Defendant GOODFELLOW TOP GRADE CONSTRUCTION, LLC ("Defendant") hereby submit this Opposition to Plaintiff TRINA HILL'S ("Plaintiff") Administrative Motion to Consider Whether Cases Should Be Related ("motion").

**I.     DEFENDANT WILL BE UNDULY PREJUDICED IF THE COURT GRANTS PLAINTIFF'S MOTION.**

Ms. Hill's motion is notably silent about the prejudice Defendant will face if the court grants Ms. Hill's motion and consolidates these two cases.  Further, Ms. Hill's motion fails to acknowledge that these two matters are at completely different stages of litigation.  To this point, Ms. Hill filed her complaint on March 6, 2018, the case is set for trial on September 9, 2019 and discovery is now closed.  Discovery was propounded and responses exchanged, and four depositions taken and defended without any eye towards the claims being related nor the interplay between the facts and witnesses.

In contrast, Ms. Monroe filed her complaint on December 21, 2018, the parties have only exchanged their General Order 71 disclosures, and the case has been stayed from March 25, 2019 to June 19, 2019, as a result of the court granting Ms. Monroe's motion to appoint her counsel, imposing a stay the will only be lifted four weeks after Ms. Monroe's counsel's notice of appearance, and Ms. Monroe's counsel's May 22, 2019 filed notice of appearance.  The court initially set the trial date for May 11, 2020 in the Monroe matter, however, this trial date is likely to change in light of the three month delay caused by Ms. Monroe delay in finding counsel to represent her.  <u>An August 2020 trial date is more likely</u> as a result of this three month stay and corresponding delay.  No discovery has taken place to date in the Monroe matter.

Accordingly, because Ms. Hill's trial is set for September 9, three months from now, Defendant has been attentively preparing for Ms. Hill's trial by preparing its witnesses and exhibits and having those witnesses block out a substantial amount of time for witness preparation and trial.  Plaintiff's newly appointed counsel fails to take these considerations into account by filing a motion in an attempt to consolidate these two cases, one nearing trial and the other in its infancy.  If granted, Defendant will have to wait <u>another year</u> for the Hill matter to be tried.  Moreover, in order to explore the issues interplaying these allegedly related cases, Defendant would seek an order reopening discovery, and permission from the court to take re-take Ms. Hill's deposition.

Finally, this is a motion which could have been brought at any point prior to this instant matter.  Notwithstanding that the claims are not sufficiently similar to warrant relation, Ms. Hill and Ms. Monroe failed to take any action until now, after discovery was closed in the Hill matter and on the proverbial eve of trial.  This delay unacceptably prejudices the time and work spent by the court and the Defendant.

Based on the prejudice Defendant will suffer alone, The court should deny Ms. Hill's motion.

/ / /

/ / /

/ / /

**II.  THE HILL MATTER AND THE MONROE MATTER ARE NOT RELATED.**

Notwithstanding the prejudice to Defendant, these cases are not related. An action is related to another when (1) the actions concern substantially the same parties, property, transaction, or event, (2) and it appears there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges. Civil L-R 3-12(a). These two cases do not concern substantially the same witnesses or events and keeping these cases separate will not result in an unduly burdensome duplication of labor and/or expense. Finally, in light of the many factual and legal differences between the cases, there will not be conflicting results if these cases remain in front of different judges.

**A.  The actions do not concern substantially the same parties or events.**

While both actions are brought by a former Goodfellow Top Grade employee against Goodfellow Top Grade, that is where the similarity ends.[1]

The cases involve different witnesses and events occurring during Ms. Hill's and Ms. Monroe's respective employment. This is not a case where Ms. Hill and Ms. Monroe were both terminated on the same date for the same reason by the same supervisor. Rather, Ms. Monroe's employment was terminated <u>two months</u> before Ms. Hill voluntarily resigned.

Ms. Monroe's termination and the events that led to her termination occurred between July 14 and July 19, 2017 and involved different witnesses and events than Ms. Hill's resignation. Specifically, on July 14, 2017, Jim Herron approached Ms. Monroe about changing traffic conditions and Ms. Monroe walked away and ignored Mr. Herron. Only after his repeated instruction did Ms. Monroe nod her head. Then on July 17, 2017, Usalia Marquez went up to Ms. Monroe to provide her with a radio and Ms. Monroe told her to "Leave me the f*** alone," and jumped up and down while yelling and shaking her fist towards Ms. Marquez's face. When Sean Lennan was informed of Ms. Monroe's behavior, he approached her with Mr. Herron and Ms.

---

[1] Notably here, Ms. Hill's counsel fails to authenticate or lay foundation for the facts used to support their application; to wit, no copy of Ms. Monroe's complaint is even filed, and in this pre-discovery phase, the exact witnesses and events are still yet to be established.

Marquez.  Ms. Monroe ignored Mr. Herron's and Ms. Marquez's instructions and signaled for Mr. Lennan to come closer to her.  Ms. Monroe told Mr. Lennan that any instructions for her should go through Ms. Hill.  Mr. Lennan refused and instructed Ms. Monroe to carry a radio and listen to Mr. Herron's and Ms. Marquez's instructions.  As a result of these two incidents, Jose Ledesma issued Ms. Monroe a written warning.  Then on July 18, 2017, Ms. Monroe yelled "Mexican bastard" to independent contractor, David Prado, as he drove by in a sweeper truck.  Finally, on July 19, 2017, Ms. Monroe refused to allow another independent contractor, Mitch Myers (from another subcontractor, Malcolm Drilling) to enter her gate.   The two latter incidents were reported to Defendant.  After Mr. Lennan discussed Ms. Monroe's conduct with Prentiss Jackson (Senior Manager with the General Contractor) and they both decided termination was appropriate, Kevin Delaney, Justin Kim, and Mike McGowan met with Ms. Monroe to terminate her employment on July 19, 2017.

In contrast, Ms. Hill voluntarily resigned on or around September 20, 2017.  The events leading up to her resignation are as follows:  On September 18, 2017, Ms. Hill was involved in an altercation with her coworker Maurice Haskell.  Ms. Hill's supervisor, Leonard Garcia, and Foreman Tim Sardam arrived at the gate after Ms. Hill called them.  When Ms. Hill indicated that she did not feel comfortable working at the same gate as Mr. Haskell, Mr. Garcia kindly asked Ms. Hill to temporarily move to the next gate over so he could conduct his investigation into the altercation and ensure Ms. Hill's safety.  Mr. Hill became combative and refused to move and eventually left her post altogether to go to the administrative offices.  As a result of her insubordination and abandoning her post, Mr. Garcia, Mr. Sardam, Mr. Lennan, and Mr. Herron met with Ms. Hill to issue her a written warning and one-day suspension.  Ms. Hill submitted a doctor's note on September 20, 2017, which placed her off work until December 20, 2017.  Ms. Hill did not contact Defendant about returning to work.

Further, Ms. Hill's and Ms. Monroe's employment only overlapped for two months thus their respective cases could not involve substantially the same events.  Ms. Monroe was hired on March 2, 2017 and terminated on July 19, 2017.  Ms. Hill was hired on May 9, 2017 and voluntarily resigned on September 20, 2017.  Thus, they only worked together between May 9,



2017 and July 19, 2017. To wit, the majority of Ms. Hill's allegations in her Complaint occurred <u>after</u> Ms. Monroe's termination (*e.g.*, Juan Carlos allegedly cussing at Ms. Hill on or around August 5, 2017, Ms. Hill's alleged altercation with Mr. Lennan on August 28, 2017 regarding her "going over his head" and calling another supervisor, the decision to replace Defendant's flaggers with Statewide flaggers on or around September 5, 2017, Ms. Hill abandoning her post for the first time on or around September 6, 2017, Ms. Hill's altercation with Maurice Haskell and Ms. Hill's insubordination which led to her being issued a written warning and one-day suspension on September 18, 2017, and Ms. Hill submitting a doctor's note to Defendant on September 20, 2017 and failing to contact Defendant thereafter about returning to work).

Further, while there is some overlap in the claims brought against Defendant (*i.e.,* both Ms. Hill and Ms. Monroe allege sex discrimination, sex harassment, and retaliation claims), Ms. Hill also brought two claims that Ms. Monroe did not bring (*i.e.*, race discrimination and race harassment). Further, Ms. Monroe and Ms. Hill rely on different alleged protected activity to support their respective retaliation claims. Ms. Hill's theory is that Defendant issued her a written warning and one-day suspension because she complained about a subcontractor's employee (Michael Bound) allegedly exposing his buttock to her. Ms. Monroe relies on a her complaint about Mr. Bound's as well as her alleged complaint to Defendant on the day of her termination (July 19, 2017) about an unnamed coworker allegedly being rude to her at the gate.

Further, based on the information known to date, Defendant will be asserting different affirmative defenses against Ms. Hill and Ms. Monroe. For example, in light of Ms. Hill's admitted sale and use of narcotics (presumably during her employment with Defendant), Defendant has asserted an after-acquired evidence defense that it will pursue at trial. Moreover, it is too soon to tell whether Ms. Monroe has mitigated her lost wages by diligently looking for subsequent employment. Thus, the varying defenses that Defendant will be asserting against Ms. Hill's and Ms. Monroe's claims support denying Plaintiff's motion.

Moreover, contrary to Ms. Hill's contention in her moving papers, the issue of whether Ms. Hill and Ms. Monroe exhausted their administrative remedies prior to bringing their respective complaints do not involve substantially the same law or facts (and further this is not the

relevant standard for whether a case should be related).  Regarding Ms. Hill, and as fully briefed in Defendant's Motion to Dismiss, Defendant contends that Ms. Hill's claims are time-barred because she failed to timely file her action within ninety days of receipt of her right-to-sue letter. Further, Defendant contends that Ms. Hill failed to properly exhaust her administrative remedies as to any potential disability discrimination claim.  Regarding Ms. Monroe, Defendant contends that Ms. Monroe failed to properly exhaust her administrative remedies for any potential race discrimination or harassment claims that Ms. Monroe might try to advance at trial (based on her vague references to race in her complaint).

Finally, in light of the different facts, witnesses, causes of action, defenses, and issues, the issue of each plaintiff's entitlement to damages and the amount owed to each, would not be similar.

### B. There will not be an unduly burdensome duplication of labor and expense if the court denies Plaintiff's motion.

Because these cases involve different events and different witnesses, work will not be duplicated.  Further, fact discovery is already closed in the Hill matter so Ms. Monroe's attorneys will have to conduct separate discovery into Ms. Monroe's claims.  Moreover, Ms. Hill's prior counsel has already deposed several of Defendant's witnesses regarding Ms. Hill's claims so it appears too late to consolidate these cases for the purpose of avoiding duplication of labor and expense.

### C. There will not be conflicting results if the cases are conducted before different judges.

Because these cases involve different facts, witnesses, issues, and potential damages, there cannot be conflicting results.  There are a variety of factors that went into Defendant's decisions to issue Ms. Hill and Ms. Monroe corrective action and to terminate Ms. Monroe's employment. Accordingly, in light of these differences in facts and events surrounding their respective employment with Defendant, conflicting results cannot arise.

/ / /

/ / /

1 | Accordingly, Defendant respectfully requests that this Court deny Plaintiff's motion.

2 | DATED: June 11, 2019          LEWIS BRISBOIS BISGAARD & SMITH LLP

           By: */s/ Allison L. Shrallow*
              Joseph R. Lordan
              Allison L. Shrallow
              Attorneys for Defendant
              GOODFELLOW TOP GRADE
              CONSTRUCTION, LLC (erroneously sued as
              Goodfellow Top Grade)

