1  J. DAVID HADDEN (CSB No. 176148)
   dhadden@fenwick.com
2  FENWICK & WEST LLP
   Silicon Valley Center
3  801 California Street
   Mountain View, CA 94041
4  Telephone:  650.988.8500
   Facsimile:  650.938.5200
5
   PHILLIP J. HAACK (CSB No. 262060)
6  phaack@fenwick.com
   ERIC B. YOUNG (CSB No. 318754)
7  eyoung@fenwick.com
   CHIEH TUNG (CSB No. 318963)
8  ctung@fenwick.com
   FENWICK & WEST LLP
9  555 California Street, 12th Floor
   San Francisco, CA 94104
10 Telephone:  415.875.2300
   Facsimile:  415.281.1350
11
   Attorneys for Plaintiff
12 Trina Hill

13 JOSEPH R. LORDAN (CSB 265610)
   Joseph.lordan@lewisbrisbois.com
14 ALLISON L SHRALLOW (CSB 272924)
   Allison.shrallow@lewisbrisbois.com
15 LEWIS BRISBOIS BISGAARD & SMITH LLP
   333 Bush Street, Ste. 1100
16 San Francisco, CA 94104
   Telephone:  415.262,8566
17
   Attorney for Defendant
18 Goodfellow Top Grade Construction, LLC
   (sued as Goodfellow Top Grade)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TRINA HILL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GOODFELLOW TOP GRADE,<br><br>　　　　　Defendant. | Case No.: 4:18-cv-01474-HSG<br><br>**L.R. 6-2 JOINT STIPULATED REQUEST FOR ORDER CHANGING TIME ON PLAINTIFF TRINA HILL'S MOTION TO CONSOLIDATE CASES; [~~PROPOSED~~] ORDER**<br><br>Hon. Haywood S. Gilliam, Jr. |

# JOINT STIPULATED REQUEST FOR ORDER CHANGING TIME

PLEASE TAKE NOTICE that, pursuant to Civil Local Rule 6-2, Plaintiff Trina Hill and Defendant Goodfellow Top Grade Construction, LLC, through their attorneys of record in this matter, stipulate and agree as follows:

## I. RECITALS

1. The Court held a case management conference ("CMC") in this matter on June 4, 2019, at which the parties discussed with the Court Plaintiff's intention to file two motions: (1) a motion to consolidate; and (2) a motion to reopen discovery;

2. The parties understood from Judge Gilliam's comments at the CMC that the Court expected Plaintiff to file both motions on June 11, 2019, Defendant to file its oppositions to both motions on June 18, 2019, and that there would be no reply brief necessary;

3. The parties also understood from Judge Gilliam's comments regarding the motions that the Court would consider both motions submitted on the papers;

4. On June 4, 2019, the Court filed a Minute Entry (Dkt. 75) setting a briefing schedule for only the motion to reopen discovery; it stated that "The Court sets the following dates: June 11, 2019-last day for Plaintiff to file its motion to re-open discovery for limited purposes and June 18, 2019-last day for an opposition to the motion to be filed. The motion will be deemed submitted on the papers upon receipt of the final brief.";

5. On June 11, 2019, Plaintiff filed both motions, and did not notice either for a hearing date based on the parties' understanding that the Court wanted both motions submitted on the schedule set forth in Dkt. 75;

6. On June 12, 2019, counsel for Plaintiff, Eric Young, received a call from Ms. Riley, who instructed Plaintiff to file a notice of hearing for the next available date (*see* Declaration of Eric Young, filed concurrently, at ¶ 3), and stated that the Court would adjust the date as it found convenient;

7. As of June 12, Judge Gilliam's scheduling notes stated that the next available date for a hearing on Plaintiff's motion to consolidate was October 24, 2019;

8. Trial in this matter is currently set to begin on September 9, 2019 (Dkt. 59);

9. Because the next available date fell after trial, Plaintiff noticed the hearing for her motion to consolidate for June 18, 2019, the next available date under Local Rule 7-2, and accounting for the unavailable dates on the Court's calendar;

10. On June 13, 2019, the Court filed a Clerk's Notice rejecting the June 18 date and directing Plaintiff to re-notice the hearing on her motion to consolidate and directing Plaintiff to the Court's scheduling notes (Dkt. 80);

11. Plaintiff filed a revised Notice of Hearing on June 14, 2019, noticing the hearing on her motion to consolidate for October 24, 2019 (Dkt. 81).

## II. STIPULATION

NOW, THEREFORE, the parties, through their respective counsel of record, hereby make this stipulated request that the Court align the briefing schedules for Plaintiff's discovery and consolidation motions. Under that schedule, Defendant's oppositions to both Plaintiff's motion to consolidate and motion to reopen discovery would be due on June 18, 2019, and the Court would take both motions under submission on the opening and opposition briefs alone, without a hearing.

**IT IS SO STIPULATED.**

Dated: June 14, 2019          FENWICK & WEST LLP

                              By:   /s/ Eric B. Young
                                    Eric B. Young

                                    Attorneys for Plaintiff
                                    Trina Hill

Dated: June 14, 2019          LEWIS BRISBOIS BSIGAARD & SMITH LLP

                              By:   /s/ Allison L. Shrallow
                                    Allison L. Shrallow

                                    Attorneys for Defendant Goodfellow Top
                                    Grade Construction LLC

## **ATTORNEY ATTESTATION**

I, Eric B. Young, attest that concurrence in the filing of this document has been obtained from any signatories indicated by a "conformed" signature (/s/) within this e-filed document. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 14, 2019                          FENWICK & WEST LLP


                                              By: */s/ Eric B. Young*
                                                  Eric B. Young

**[PROPOSED] ORDER**

Upon consideration of the Parties' Joint Stipulated Request for Order Changing Time on Plaintiff's Motion to Consolidate Cases,

THE COURT HEREBY GRANTS the request for Order Changing Time.

**IT IS SO ORDERED.**

Dated: June 18, 2018

*Haywood S. Gilliam Jr.*
Honorable Haywood S. Gilliam, Jr.