UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRINA HILL,<br><br>    Plaintiff,<br><br>v.<br><br>GOODFELLOW TOP GRADE,<br><br>    Defendant. | Case No. 18-cv-01474-HSG<br><br>**ORDER DENYING MOTION TO RELATE; DENYING MOTION TO CONSOLIDATE; GRANTING IN PART AND DENYING IN PART MOTION TO REOPEN DISCOVERY**<br><br>Re: Dkt. Nos. 74, 77, 78 |

Currently before the Court are Plaintiff's motions to (1) relate her case to *Monroe v. Goodfellow Top Grade*, Case No. 3:18-cv-07673-LB, Dkt. No. 74; (2) consolidate her case with *Monroe*, Dkt. No. 78; and (3) reopen discovery, Dkt. No. 77.

## I. BACKGROUND

### A. Hill's Allegations

Plaintiff Trina Hill initially brought this case pro se on March 6, 2018, alleging that her former employer, Goodfellow Top Grade, discriminated against and harassed her based on her race, color, and sex, and retaliated against her for exercising her rights, thus violating Title VII, 42 U.S.C. §§ 2000e, *et seq.* *See* Complaint, Dkt. No. 1. Hill alleged that she began working for Goodfellow on May 19, 2017, *id.* ¶ 10, and experienced discrimination and harassment from co-workers and supervisors from shortly after her hiring until she was constructively discharged due to stress on September 20, 2017, *id.* ¶¶ 14–23.

### B. Hill's Suit

On October 16, 2018, the Court appointed pro bono counsel from Arnold & Porter Kaye Scholer LLP for the limited scope of representing Hill in a settlement conference and conducting the discovery necessary to prepare for a settlement conference. *See* Dkt. Nos. 44, 45. The parties

1  attended a settlement conference on February 21, 2019, but were unable to reach a settlement
2  agreement. *See* Dkt. No. 61. Fact discovery closed on March 11. *See* Dkt. No. 59.

On May 5, 2019, the Court terminated prior pro bono counsel and appointed new pro bono counsel from Fenwick & West LLP to represent Hill "for all purposes for the duration of [the] case." *See* Dkt. No. 67. On June 4, 2019, the parties appeared before the Court for an initial case management conference, at which the Court set the briefing schedule for these motions. *See* Dkt. No. 75.

### C. Monroe's Case

Diana Monroe, proceeding pro se, brought an action against Goodfellow Top Grade on December 21, 2018, alleging that it subjected her to a hostile work environment and discriminated against her based on her sex and race and retaliated against her when she lodged a complaint. *See Monroe v. Goodfellow Top Grade*, Case No. 3:18-cv-07673-LB ("*Monroe*"), Dkt. No. 1. Monroe alleged that she was hired by Goodfellow on March 2, 2017, and terminated on July 19, 2017. *See id.* On March 25, 2019, Monroe was appointed pro bono counsel from Fenwick & West LLP. *See Monroe*, Dkt. No. 23.

## II. ADMINISTRATIVE MOTION TO RELATE CASES

Hill moved on June 5 to relate her case with that of Monroe's, contending that they will "require determination of substantially the same questions of fact and law." *See* Dkt. No. 74 at 2. Defendants opposed. *See* Dkt. No. 76.

> Under the Civil Local Rules, cases are related to one another if:
> (1) The actions concern substantially the same parties, property, transaction or event; and
> (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

Though both Hill and Monroe have named Goodfellow as the Defendant, and some of their allegations concern overlapping events and witnesses, their actions concern largely different events. Their employment at Goodfellow overlapped for approximately two months, but they ended their employment for different reasons months apart from each other. Thus, the Court finds that the actions do not concern substantially the same parties, property, transaction, or event and

1  that there would not likely be an unduly burdensome duplication of labor or conflicting results if

2  these cases continue as separate actions. Accordingly, the administrative motion to relate is

3  **DENIED**.[1]

### III. MOTION TO REOPEN DISCOVERY

Hill moved to reopen discovery to take additional third-party discovery from the Mortenson Clark Joint Venture, Clark Construction Group, LLC, and her union. *See* Dkt. No. 77 at 3, 6–7. According to Hill, she was unable to take discovery from Mortenson Clark or Clark Construction Group during the fact discovery period because her prior pro bono counsel advised her it had a conflict and, despite her efforts, she was unable to obtain help to issue the subpoenas herself. *Id.* at 4–5.

Deadlines established in a case management order may "be modified only for good cause[.]" Fed. R. Civ. P. 16(b)(4). "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.*; *see also Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1294 (9th Cir. 2000). Where the moving party has not been diligent, the inquiry ends, and the motion should be denied. *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson,* 975 F.2d at 609.

The Court finds that Hill has established good cause to reopen discovery for the purpose of issuing subpoenas to the Mortenson Clark Joint Venture and Clark Construction Group and its employees. In light of Hill's representation that counsel was conflicted and thus unable to fully represent her when conducting discovery for the settlement conference and that she was effectively required to act as a pro se litigant in obtaining discovery from these entities, the Court finds that she has been diligent. This discovery is relevant to Hill's claims that she was discriminated against and harassed by Goodfellow employees. Accordingly, the Court **GRANTS**

---

[1] In addition, the Court **DENIES** Hill's motion to consolidate the two cases, Dkt. No. 78. Monroe's case is not before the Court and, for the same reasons the Court discussed in denying the motion to relate, consolidation would not improve efficiency.

the motion as it pertains to these entities and will reopen discovery for this limited purpose for 30 days.

However, Hill has not provided any explanation for why she or her prior pro bono counsel were unable to issue subpoenas to her labor union and she does not assert that her counsel raised a conflict. Thus, because Hill has not established her diligence in seeking discovery against her union, the Court **DENIES** the motion to reopen discovery as to the union.

## IV. CONCLUSION

For the foregoing reasons, the Court:

1. **DENIES** the administrative motion to relate cases. Dkt. No. 74.
2. **DENIES** the motion to consolidate. Dkt. No. 78.
3. **GRANTS IN PART** and **DENIES IN PART** the motion to reopen discovery. Dkt. No. 77.

**IT IS SO ORDERED.**

Dated: 6/28/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge