**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOSEPH R. LORDAN, SB# 265610
   Email: Joseph.Lordan@lewisbrisbois.com
ALLISON L. SHRALLOW, SB#272924
   Email: Allison.Shrallow@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile:  415.434.0882

Attorneys for Defendant GOODFELLOW TOP GRADE CONSTRUCTION, LLC
(erroneously sued as Goodfellow Top Grade)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| TRINA HILL,<br><br>              Plaintiff,<br><br>       vs.<br><br>GOODFELLOW TOP GRADE,<br><br>              Defendant. | CASE NO. 4:18-cv-01474-HSG<br><br>**DEFENDANT'S MOTION IN LIMINE NO. 2 REGARDING EXCLUSION OF EVIDENCE RELATING TO THE SIZE AND/OR FINANCIAL CONDITION OF DEFENDANT AND/OR DEFENDANT'S LEGAL COUNSEL**<br><br>Trial Date: September 9, 2019 |

**TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant GOODFELLOW TOP GRADE CONSTRUCTION, LLC ("Goodfellow") will move the Court, *in limine*, for an order prohibiting Plaintiff TRINA HILL ("Plaintiff") from introducing any evidence during voir dire and/or at trial that concerns or relates to the size and/or financial condition of the Defendant and/or Defendant's legal counsel.

Goodfellow further moves the Court to instruct Plaintiff and her counsel as such and to require counsel to advise all witnesses to:

1.       Refrain from conveying to the jury, directly or indirectly, any of the facts mentioned in this motion without first obtaining permission of the Court outside the presence and hearing of the jury;

2. Refrain from making any reference to the fact that this motion has been filed; and

3. Warn and caution each witness to strictly follow the same instructions.

This motion is made upon the Memorandum of Points and Authorities attached hereto, on the papers, documents, pleadings, and record on file herein on such supplemental declarations and documents as may be filed subsequently herein and on such oral and documentary evidence as my be presented at the hearing of this motion.

DATED: August 6, 2019              LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/Allison L. Shrallow*
    Joseph R. Lordan
    Allison L. Shrallow
    Attorneys for Defendant GOODFELLOW TOP GRADE CONSTRUCTION, LLC  (erroneously sued as Goodfellow Top Grade)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Defendant Goodfellow brings this motion in limine to exclude any argument, evidence, testimony or reference to Goodfellow's and its legal counsel's net worth, profits, financial condition, or size.  Such evidence is routinely excluded at trial due to its prejudicial nature, as courts recognize that jurors are likely to be biased against large companies and to be more willing to award damages if they feel the company can "afford it."  *Adams Laboratories. Inc. v. Jacobs Engineering Co., Inc*., 761 F.2d 1218, 1226 (7th Cir. 1985) ("If the wealth and size of a corporation are not at issue, counsel is bound to refrain from making reference to such size and wealth, or bear the risk of an unfavorable appellate reception.").

## II.  ARGUMENT

### A.  Defendant's and Defendant's Counsel's Financial Condition and Size are Not Relevant to the Claims in this Action and Admission of Such Evidence Would be Unduly Prejudicial.

Federal Rule of Evidence 402 provides that only "relevant evidence" is admissible.  In turn, Federal Rule of Evidence 401 defines "relevant evidence" as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Even relevant evidence may be excluded, however, "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  FRE 403. Rule 403 is concerned with "unfair prejudice," that is, "'an undue tendency to suggest decision on an improper basis.'" *United States v. Espinoza-Baza*, 647 F.3d 1182 (9th Cir. 2011), citing *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

"Evidence of a party's financial condition and size is generally not relevant and can be unduly prejudicial, as it can distract the jury from the real issues in the case." *In re Homestore.com Inc. Sec. Litig*., 2011 U.S. Dist LEXIS 10677, at * 7 and 36-37 (C.D. Cal. Jan. 25, 2011); see also *re Global Health Sciences*, 2007 U.S. Dist. LEXIS 100475, at *7 (C.D. Cal. August 21, 2007) (excluding reference to the defendant's financial condition); See, e.g., *Finjan,*

1 *Inc. v. Blue Coat Sys.,* No. 13-cv-03999-BLF, 2015 U.S. Dist. LEXIS 88760, at *13-16 (N.D. Cal. July 8, 2015) ("the court finds that Defendant's and third parties' financial size, market capitalization, and overall revenue is of little probative value and would unfairly prejudice Defendant"); *HTC Corp. v. Tech. Props.* (N.D.Cal. Sep. 6, 2013, No. 5:08-cv-00882-PSG) 2013 U.S. Dist. LEXIS 129263, at *18-19) ("[t]he court finds that the probative value of evidence related to HTC's size, wealth, or overall revenues is substantially outweighed by the risk of unfair prejudice, confusion of the issues and misleading the jury necessitating its exclusion under Rule 403.")*; IV Solutions, Inc. v. United Healthcare Servs., Inc.* (C.D.Cal. Nov. 10, 2014, No. CV 12-4887 GAF (MRWx)) 2014 U.S.Dist.LEXIS 158878, at *10-12 (excluding evidence regarding financial condition as irrelevant and prejudicial); *Guardian Life Ins. Co. of Am. v. Andrao*s (C.D.Cal. Sep. 10, 2009, No. CV 07-05732 SJO (FMOx)) 2009 U.S.Dist.LEXIS 138169, at *7-9.) (excluding evidence of company's "size and financial status"); *Maroney v. CSX Transp., Inc.*, 2010 U.S. Dist. LEXIS 73205, at *4 (S.D. Ill. July 21, 2010) (granting defendant's motion to bar statements or questions relating to or alluding to defendant's "size, solvency, [or] financial condition"); *Gordon v. Wal-Mart Supercenter*, 2009 U.S. Dist. LEXIS 106601, at *24 (S.D. Ala. Nov. 12, 2009) ("this court finds that there is no probative value in allowing evidence as to either party's wealth or poverty and concludes that there is great prejudice if such evidence is allowed into evidence."); *Pearson v. Ill. Cent. R.R.*, 2008 U.S. Dist. LEXIS 24855, at *2-3 (S.D. Ill. Mar. 27, 2008) (granting defendant's motion "to bar and exclude any reference to Defendant's size, financial condition, wealth, solvency, corporate nature, foreign or out of state residency or ability to pay a verdict or satisfy a judgment in this case [… t]his evidence [is] irrelevant, unduly prejudicial, improper and inadmissible.").

Courts have been particularly disapproving of comments made by counsel during trial referring to the comparative size and wealth of parties and have held that such prejudicial comments can be grounds for reversal:

> Counsel repeatedly made reference to the wealth of the defendants in contrast to the relative poverty of the plaintiff. Appealing to the sympathy of jurors through references to financial disparity is improper. … [J]ustice is not dependent upon the wealth or poverty of the parties and a jury should not be urged to predicate its verdict on a prejudice against bigness or wealth.



*Draper v. Airco, Inc*., 580 F.2d 91, 95 (3d. Cir. 1978).

      Similarly any reference to the size or financial condition of defense counsel, Lewis Brisbois Bisgaard & Smith LLP (a national, full-service law firm with nearly 1,400 attorneys and 53 offices in various states), is not relevant and unduly prejudicial.  Defendant suspects that Plaintiff may try to make reference to or argument regarding defense counsel as "high-priced lawyers," "corporate lawyers," "teams of lawyers," "well-paid defense attorney from a huge firm," "hired guns from a multi-state firm with offices everywhere," or similar comments, to portray Defendant's counsel as big, well-funded corporation.  However, such evidence is highly prejudicial and should be excluded.  *See Brown & Root, Inc. v. Big Rock Corp*., 383 F.2d 662, 666 (5th Cir. 1967) ("Counsel appealed to the sympathy and sectional prejudices of the jury; he referred to the bigness and wealth of Brown & Root; he referred to it and its counsel in unjustified terms of abuse and derogation; all of which was improper and inexcusable.") (citations omitted).

      Evidence of Defendant's or Defendant's legal counsel's size, profits and/or financial condition will only distract the jury from the real issues of the case and serves no purpose other than to inflame the jurors' emotions.  Accordingly, the evidence is not relevant, or alternatively should be excluded under Rule 403 because the prejudicial effect of these statements substantially outweighs any probative value.

DATED: August 6, 2019            LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/Allison L. Shrallow*
Joseph R. Lordan
Allison L. Shrallow
Attorneys for Defendant GOODFELLOW TOP GRADE CONSTRUCTION, LLC  (erroneously sued as Goodfellow Top Grade)

# FEDERAL COURT CERTIFICATE OF SERVICE

*Trina Hill v. Goodfellow Top Grade*

U.S. District Court-ND, Oakland Division, Case No. 4:18-CV-01474-HSG

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 333 Bush Street, Suite 1100, San Francisco, CA 94104-2872. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On August 6, 2019, I served the following document(s): **DEFENDANT'S MOTION IN LIMINE NO. 2 REGARDING EXCLUSION OF EVIDENCE RELATING TO THE SIZE AND/OR FINANCIAL CONDITION OF DEFENDANT AND/OR DEFENDANT'S LEGAL COUNSEL**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on August 6, 2019, at San Francisco, California.

*/s/Berenice Barragan*
Berenice Barragan



**SERVICE LIST**
*Trina Hill v. Goodfellow Top Grade*
U.S. District Court-ND, Oakland Division, Case No. 4:18-CV-01474-HSG

| | |
|---|---|
| J. David Hadden<br>FENWICK & WEST LLP<br>801 California Street<br>Mountain View, CA 94041 | *Attorneys for Plaintiff TRINA HILL*<br><br>Telephone: 650.988.8500<br>Facsimile:  650.938.5200<br>Email: dhadden@fenwick.com |
| Matthew B. Becker<br>Eric B. Young<br>Cheih Tung<br>FENWICK & WEST LLP<br>555 California Street, 12th Floor<br>San Francisco, CA 94104 | *Attorneys for Plaintiff TRINA HILL*<br><br>Telephone: 415.875-2300<br>Facsimile: 415.281.1350<br>Email: mbecker@fenwick.com<br>          eyoung@fenwick.com<br>          ctung@fenwick.com |

