J. DAVID HADDEN (CSB No. 176148)
dhadden@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone:   650.988.8500
Facsimile:    650.938.5200

MATTHEW B. BECKER (CSB No. 291865)
mbecker@fenwick.com
ERIC B. YOUNG (CSB No. 318754)
eyoung@fenwick.com
CHIEH TUNG (CSB No. 318963)
ctung@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:   415.875.2300
Facsimile:    415.281.1350

Attorneys for Plaintiff
Trina Hill

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TRINA HILL,<br><br>  Plaintiff,<br><br>  v.<br><br>GOODFELLOW TOP GRADE,<br><br>  Defendant. | Case No. 4:18-cv-01474-HSG (KAW)<br><br>**PLAINTIFF TRINA HILL'S MOTION *IN LIMINE* NO. 1 RE: PRESCRIBED MEDICATION AND JEWELRY**<br><br>Date:         August 28, 2019<br>Time:        8:30 a.m.<br>Courtroom: 2, 4th Floor<br>Judge:       Hon. Haywood S. Gilliam, Jr.<br>Trial Date: Sept. 9, 2019<br>Filed:        March 6, 2018 |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Plaintiff Trina Hill ("Hill") will and hereby does move the Court *in limine* for an order excluding evidence related to Ms. Hill's activities outside of her employment with Defendant. Such subjects include irrelevant, inflammatory, prejudicial, and confusing evidence Defendant seeks to introduce regarding a short series of responses Ms. Hill gave at her deposition before properly stemming the line of questioning and asserting her Fifth Amendment rights. Defendant's attorneys asked Ms. Hill a series of questions regarding her use of prescribed marijuana and medications. Ms. Hill quickly invoked her Fifth Amendment right against self-incrimination, which the Court upheld as proper when it denied Defendant's motion to re-depose Ms. Hill on those topics. *See* Dkt. 65. The Court should now rule that Defendants cannot parade that and similarly irrelevant testimony before the jury. Ms. Hill's claims under Title VII are not complicated: they turn on whether *Defendant's* actions constituted sexual or racial discrimination, retaliation, or created a hostile working environment under Title VII of the Civil Rights Act. No element of those claims involves what Ms. Hill did on her time off. The only possible relevance such evidence holds concerns an affirmative defense, which all sources suggest is more appropriately addressed *after* the jury determines liability. There is therefore no excuse to introduce evidence of Ms. Hill's non-employment related activities beyond intentional and substantial prejudice to the Plaintiff.

Hill's motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Eric B. Young in support of Plaintiff's Motions *in Limine* ("Young Decl."), the pleadings and other papers on file with the Court in this matter, and such further argument and evidence which may be presented at or before the pretrial conference.

FENWICK & WEST LLP
ATTORNEYS AT LAW

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Trina Hill moves to exclude from evidence and preclude counsel and witnesses from commenting on irrelevant, premature, and highly prejudicial evidence concerning Ms. Hill's use of prescribed medication outside of work, Ms. Hill's jewelry, her years-old run-ins with the law, and her off time at a casino. None of these topics is relevant to the claims or defenses in this case. Moreover, the emphasis of these issues plays into inappropriate stereotypes of African American women, which would be highly prejudicial if presented to a jury. Finally, the evidence at issue should not be allowed as character evidence.

At her deposition, Ms. Hill admitted to occasionally using marijuana, for which she has a prescription from a doctor. Young Decl. Ex. 8 at 78:1–79:9, 192:2–195:25, 199:1–202:22, 216:9–219:12. She also admitted to using and otherwise disposing of two pharmaceutical medications (Norco and Valium) for which she has prescriptions and which are monitored by her prescribing physician. *Id.* at 202:23–206:13, 208:18–22, 210:4–5. In the course of Defendant's questioning, Ms. Hill pleaded her Fifth Amendment right to avoid self-incrimination, and she subsequently prevailed when Defendant moved to compel further testimony on this subject. *See* Dkt. 65. Notably, Ms. Hill explicitly denied using any of these prescribed medications while she was on the job site with Defendant. Moreover, Ms. Hill never failed a drug test administered to her by Defendant, and Defendant has no evidence that Ms. Hill ever used any drug or alcohol while on the job site or in the course of her work. Ms. Hill was candid about her police and civil TRO record. *Id.* at 31:1–33:15, 53:15–55:5, 57:1–58:13, 134:2–5, 136:9–137:25. She was also forthcoming about time she spent recreating at a local casino. *Id.* at 210:14–211:13.

Defendant's Substance Abuse Policy does not prohibit use of prescribed drugs or alcohol off-premises. Defendant's Substance Abuse Policy defines "Prohibited Behavior" as "the unauthorized use, possession, sale or distribution of prohibited drugs, alcohol, drug paraphernalia and devices intended to circumvent testing, by any employee, temporary employee and/or subcontractor, *on Company property or project, or while in the course of Company business*." Young Decl. Ex. 2 at 2. (Emphasis added). The Policy also states that failing or refusing to take a drug or alcohol test would

1  result in termination.  *Id.*  Hill was asked by Defendant to submit to a drug test, she complied and
2  passed (the results were negative).  *Id.* Ex. 5.  The evidence that Defendant appears intent on
3  introducing includes Ms. Hill's confidential medical records, her deposition testimony, and
4  documents relating to Defendant's Substance Abuse Policy.  Ms. Hill anticipates that Defendant will
5  try to introduce this evidence as part of its "after-acquired evidence" defense, to wrongly argue that
6  she could have been terminated for her use of prescribed medications off-premises.  Ms. Hill also
7  anticipates that Defendant intends to introduce this evidence to argue that she has alternative sources
8  of income, and to portray Ms. Hill as a criminal, drug-user, or irresponsible.

9        At deposition, Defendant also repeatedly questioned Ms. Hill about the amount of jewelry
10 she wore, what its value was, where she obtained it from, and if she always wore such an elaborate
11 display of jewelry.  Young Decl. Ex. 8 at 211:14–214:19.  After repeated, pressing inquiries into the
12 value of jewelry that Ms. Hill had received from her partner, Ms. Hill eventually stopped that inquiry
13 by pleading her Fifth Amendment right again.  At no point did Ms. Hill state that she had ever sold
14 or otherwise liquidated one of these gifts from her partner.  Defendant also harried Ms. Hill about
15 time and amounts she spent and earned at a casino.  *Id.* at 210:14- Ms. Hill anticipates that
16 Defendant will try to introduce this evidence to argue that Ms. Hill has alternative sources of
17 income, and to portray her as someone who does not "need" a payment of the damages she has
18 requested.  For these reasons, Plaintiff moves the Court *in limine* to exclude these categories of
19 evidence from trial, including those exhibits and testimony Defendant proposes.  *See* Young Decl.
20 Exs. 1–6, 10.

21 **II.   ARGUMENT**

22       Ms. Hill presents three claims under Title VII: (1) sexual and racial discrimination under a
23 disparate treatment theory; (2) existence of a sexually and racially hostile work environment; and (3)
24 retaliation.  *See* Dkt. 1.  Evidence of Ms. Hill's use of prescribed medication, and her receipt and
25 wearing of jewelry from her partner, is not relevant to any of these claims and is therefore
26 inadmissible.  Further, the danger of confusion of the issues and prejudice arising from limited, out-
27 of-context references to drug use or expensive jewelry or lifestyle choices substantially outweighs
28

any probative value.  Finally, this evidence would be inadmissible if used as character evidence. The Court should exclude evidence of these topics for the reasons that follow.

### A. Evidence of Ms. Hill's Use of Prescribed Medication, Jewelry, Recreation, and Legal History is Irrelevant

Irrelevant evidence is not admissible.  Fed. R. Evid. 402.  Evidence is relevant only if it tends to make a fact of consequence in determining the action more or less probable.  Fed. R. Evid. 401. The Court should exclude evidence of Ms. Hill's prescribed marijuana use and use or disposal of prescribed pharmaceuticals, her receipt and wearing of jewelry, her police record, and the time she enjoys at a casino because none of these topics makes any fact of consequence in determining the action more or less probable, and can only serve to unfairly prejudice a jury based on unfounded and negative racial and sex-based stereotypes.

First, evidence of Ms. Hill's prescribed use of marijuana and pharmaceuticals is irrelevant because she did not use or possess these items on-premises or during work hours, and therefore could not have been terminated on that basis.  Defendant's Substance Abuse Policy does not prohibit use of prescribed medications, including marijuana, outside of working hours and off-premises.  It only prohibits use "on Company property or project, or while in the course of Company business." Young Decl. Ex. 2 at 2.  That policy goes on to permit use of prescribed medication on-site, saying that "[t]he use of drugs as part of a prescribed medical treatment program by a licensed physician is not prohibited, but employees must advise their supervisors of use of any prescription drug that may, in any way, affect their ability to safely perform their duties." *Id*.  Although it qualifies that statement by adding "[n]otwithstanding the foregoing, the use of marijuana or cannabinoids is a violation of this Policy, even if said use is prescribed by a physician . . . ," the Policy still does not prohibit use of marijuana outside of work hours or off-premises. *Id.*

Moreover, even if Ms. Hill's actions could have violated Defendant's Substance Abuse Policy, it still is irrelevant to the question of liability.  Defendant has suggested it intends to offer this evidence to support its "after-acquired evidence" defense, which can limit an employee's recovery based on evidence of the employee's wrongdoing discovered during litigation.  *See* Dkt. 63 at 5.  But that doctrine limits damages, not liability.  *See McKennon v. Nashville Banner Pub. Co.*, 513 U.S.

352, 356–59 (1995). It therefore only comes into play after a finder of fact determines that an employer is liable for its discriminatory conduct. *See, e.g.*, *Quan v. SmithKline Beecham Corp.*, 151 F. App'x 518 (9th Cir. 2005); *Rooney v. Koch Air, LLC*, 410 F.3d 376, 16 A.D. Cas. (BNA) 1372 (7th Cir. 2005). Such inflammatory and irrelevant evidence should not enter the public record, if at all, until there is a legitimate basis for addressing Defendant's substance abuse policy following a jury verdict.

Likewise, Defendant has no evidence that Ms. Hill has ever sold or otherwise obtained monetary value from the jewelry she was gifted by her partner, and so they cannot argue that it constitutes a separate form of income that should be deducted from any award of back pay. And even if these gifts did constitute income, it is income that Ms. Hill would have received even if she were still in her former position with Defendant, and therefore should not be subtracted from any back pay award. *See, e.g.*, *Shapiro v. Textron*, Civ. A. No. 95-4083, 1997 WL 45288, at *1 (E.D. La. Feb. 4, 1997), *aff'd*, 141 F.3d 1163 (5th Cir. 1998) (holding that successful ADEA plaintiff's back pay award will not be reduced by income that he would still have received even if he had not been discharged). The same is true for any alleged earnings from disposal of medication. Moreover, the Court has already ruled that because Ms. Hill applied for and accepted new employment after her termination, the mitigation of back pay defense does not apply. Dkt. 65 at 2–3 ("Plaintiff's prescription medication use and sales are not relevant to Defendant's defenses.").

### B. Evidence of Ms. Hill's Use of Prescribed Medication and Jewelry Would Cause Unfair Prejudice, Confuse the Issues, and Mislead the Jury.

Even if evidence of Ms. Hill's uses of medication and jewelry were relevant, they should still be excluded as prejudicial, confusing, and misleading. In a jury trial such as this one, the Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403; *Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1996) ("The district court has considerable latitude in performing a Rule 403 balancing test . . . .)".

Evidence of Ms. Hill's drug use is highly prejudicial to Ms. Hill, because it could unfairly depict her as criminal, an "addict," or otherwise undeserving of an award of damages for reasons that

are entirely unrelated to the causes of action. It is also particularly prejudicial for Ms. Hill because of her ethnicity, as racist stereotypes often unfairly portray African Americans as having more significant drug abuse issues than people of other ethnicities. It could also risk confusing the issues and misleading a jury, by causing them to believe that Ms. Hill was using drugs or other medication while on the job, or that drug use was somehow related to her termination. Reference to Ms. Hill's jewelry would be prejudicial because it could be used to unfairly make Ms. Hill appear as someone who does not "need" a damages award, or otherwise diminish a damages award, because of misperceived wealth. It would also confuse the issues and mislead the jury because Ms. Hill's receipt of jewelry from her partner, and wearing of jewelry, is not at issue in this case.

### C. Evidence of Ms. Hill's Use of Prescribed Medication and Jewelry should not be Allowed as Improper Character Evidence

Even if the foregoing evidence was held relevant and more probative than prejudicial, it should still be excluded to the extent that it is used as improper character evidence. Fed. R. Evid. 404 prohibits introducing character evidence to prove that the person acted in a certain manner on a particular occasion. Fed. R. Evid. 404(a)(1); *see also United States v. Lynch*, 437 F.3d 902, 913–915 (9th Cir. 2006). And evidence of criminal acts or other wrongs is inadmissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1); *United States v. Curtin*, 489 F.3d 935, 943–944 (9th Cir. 2007).

Defendant appears interested in introducing this evidence to malign Ms. Hill's character as criminal, dishonest, ostentatious, and a drug-user or "addict," and to thereby try to sway the jury towards imputing these character traits when deciding if Ms. Hill was properly reprimanded or constructively terminated. This is an improper use of character evidence, and the evidence in question does not relate to any incidents at issue in this litigation. All such improper character evidence should be excluded.

### **CONCLUSION**

For the foregoing reasons, the Court should exclude any evidence of the topics discussed above in any form.

| | | |
|---|---|---|
| 1 | | Respectfully submitted, |
| 2 | Dated: August 6, 2019 | FENWICK & WEST LLP |
| 4 | | By: */s/ Eric B. Young*<br>Eric B. Young |
| 5-6 | | Attorneys for Plaintiff<br>Trina Hill |