1  J. DAVID HADDEN (CSB No. 176148)
   dhadden@fenwick.com
2  FENWICK & WEST LLP
   Silicon Valley Center
3  801 California Street
   Mountain View, CA  94041
4  Telephone:    650.988.8500
   Facsimile:    650.938.5200
5
   MATTHEW B. BECKER (CSB No. 291865)
6  mbecker@fenwick.com
   ERIC B. YOUNG (CSB No. 318754)
7  eyoung@fenwick.com
   CHIEH TUNG (CSB No. 318963)
8  ctung@fenwick.com
   FENWICK & WEST LLP
9  555 California Street, 12th Floor
   San Francisco, CA 94104
10 Telephone:    415.875.2300
   Facsimile:    415.281.1350
11

12 Attorneys for Plaintiff
   Trina Hill

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TRINA HILL,<br><br>    Plaintiff,<br><br>  v.<br><br>GOODFELLOW TOP GRADE,<br><br>    Defendant. | Case No. 4:18-cv-01474-HSG (KAW)<br><br>**PLAINTIFF TRINA HILL'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE RELATED TO MS. HILL'S TEXT MESSAGES**<br><br>Date:  August 28, 2019<br>Time:  8:30 a.m.<br>Courtroom: 2, 4th Floor<br>Judge:  Hon. Haywood S. Gilliam, Jr.<br>Trial Date: Sept. 9, 2019<br>Filed:  March 6, 2018 |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Plaintiff Trina Hill ("Hill") will and hereby does move the Court *in limine* for an order excluding evidence related to Ms. Hill's text messages.

Hill's motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Eric B. Young in support of Plaintiff's Motions *in Limine* No. 2 ("Young Decl."), the pleadings and other papers on file with the Court in this matter, and such further argument and evidence which may be presented at or before the pretrial conference.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Ms. Hill moves to exclude from evidence and preclude counsel and witnesses from commenting on several text message threads included in Defendant's exhibits that are irrelevant and seek to portray Ms. Hill in a negative light.

Defendant's Exhibit no. 135 depicts a text message conversation that occurred on June 25, 2018, over nine months after the last date that Ms. Hill worked for Defendant. Declaration of Eric Young in Support of Plaintiff's Motions *in Limine* ("Young Decl.") Ex. 7. In that message, Ms. Hill inquires with someone at a different construction company about the availability of work, states that at that time she lives in "San Francisco & Baypoint" and offers to move to Oakland or otherwise use an Oakland address if necessary to secure work. *Id.* Ms. Hill anticipates Defendant will try to use this to argue that Ms. Hill does not truly reside in San Francisco, and therefore should not have been hired in the first place, or alternatively attempt to make Ms. Hill look dishonest.

Defendant's Exhibit no. 136 is a compilation of two different text message conversations between Ms. Hill and two different individuals. *Id.* Ex. 8. Both text message conversations occurred during the month of August 2018 (nearly a year after the last date Ms. Hill worked for Defendant), and both conversations also concern Ms. Hill inquiring about the availability of work at a company unrelated to Defendant. *Id.* Ms. Hill anticipates Defendant will try to use these conversations to depict Ms. Hill as emotional or accusatory.

Defendant's Exhibit no. 137 is a text message conversation between Ms. Hill and sixteen Goodfellow co-workers in which three of Ms. Hill's co-workers disobeyed a direct instruction not to reply-all to the message, and Ms. Hill responded with an upset message telling her co-workers to follow the instructions. *Id.* Ex. 9. Ms. Hill's response included self-censored profanity and harsh language. *Id.* There is no record of Ms. Hill having been reprimanded for this text message, nor that it in any way contributed to her termination. Ms. Hill anticipates Defendant will try to introduce this conversation to depict Ms. Hill as emotional, accusatory, and as someone who uses profanity.

1    Ms. Hill seeks and order excluding each of these text message conversations from evidence
2    as irrelevant and prejudicial, together with an order precluding counsel and witnesses from referring
3    to or otherwise relying on them.

## II.     ARGUMENT

Exhibit nos. 135, 136, and 137 should be excluded under Federal Rules of Evidence 401, 402, and 403 because they are irrelevant, and would cause unfair prejudice and confuse the issues or otherwise mislead the jury. Additionally, these exhibits should be excluded under Fed. R. Evid. 404 as improper character evidence.

### A.     Exhibit nos. 135, 136, and 137 are irrelevant.

Irrelevant evidence is not admissible. Fed. R. Evid. 402. Evidence is relevant only if it tends to make a fact of consequence in determining the action more or less probable. Fed. R. Evid. 401. The conversations depicted in Exhibit nos. 135, 136, and 137 do not relate to any fact of consequence in this litigation, nor do they make any such fact more or less probable.

Exhibit nos. 135 and 136 depict conversations that occurred long after Ms. Hill's termination, and do not describe or relate to Ms. Hill's employment with Defendant. Young Decl. Exs. 7–8. Instead, they depict instances where Ms. Hill inquired about subsequent employment with a different company. *Id.* Exhibit no. 135, in which Ms. Hill discusses having an address she could relocate to or use in Oakland in order to secure employment there, has no bearing on where Ms. Hill resided during her employment with Defendant nine months earlier. *Id.* Ex.7. Nor does her statement that she lives in "San Francisco & Baypoint," particularly when one considers that by the date of the message she had already been deprived of the higher income she earned with Defendant. Ms. Hill was not terminated by Defendant for living outside of San Francisco, and there is no evidence that Ms. Hill subsequently moved to Oakland; thus, the question concerning her residence has no relevance to this litigation. Moreover, this text message conversation shows that Ms. Hill continued to live in San Francisco many months after termination, but simply expressed willingness to relocate or use an Oakland address to obtain further employment.

Exhibit no. 136 is even later in time, nearly a year after the last date that Ms. Hill worked for Defendant. *Id.* Ex. 8. This composite of two separate text message conversations in which Ms. Hill

FENWICK & WEST LLP
ATTORNEYS AT LAW

inquires about possible employment opportunities is not related to any matter of consequence in this litigation. It simply depicts Ms. Hill's urgent desire to find employment many months after Defendant terminated her. *Id.*

Exhibit no. 137 is a text message conversation between Ms. Hill and sixteen Goodfellow co-workers in which three of Ms. Hill's co-workers disobeyed a direct instruction not to reply-all to the message. *Id.* Ex. 9. Ms. Hill responded with an upset message telling her co-workers to follow the instructions. *Id.* Ms. Hill's response included self-censored profanity and harsh language. *Id.* There is no record of Ms. Hill having been reprimanded for this text message, nor that it in any way contributed to her termination, and this particular conversation is not otherwise at issue in this litigation.

### B. Exhibit nos. 135, 136, and 137 would cause unfair prejudice, confuse the issues, and mislead the jury.

Even if Exhibit nos. 135, 136, and 137 were relevant, they should still be excluded. In a jury trial such as this one, the Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403; *Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1996) ("The district court has considerable latitude in performing a Rule 403 balancing test . . . .)".

Each of these exhibits are highly prejudicial to Ms. Hill, and appear to play on racial and gender stereotypes. Exhibit no. 135 seeks to portray Ms. Hill as dishonest and transient, without a fixed home address, and willing to move or otherwise use an address in order to secure employment. Exhibit no. 136 seeks to portray Ms. Hill as overly emotional and accusatory. Exhibit no. 137 similarly seeks to portray Ms. Hill as overly emotional and accusatory, as well as prone to profanity and strong language.

These exhibits also confuse the issues and could mislead the jury. Concerning Exhibit no. 135, Ms. Hill was not terminated due to her location of residence. Defendant has not put forward any evidence or argument that it would have terminated Ms. Hill if she moved outside of San Francisco during the term of her employment. And critically, there is no reason to believe Ms. Hill would have contemplated moving outside of San Francisco to obtain employment, had she still been

1  employed with Defendant.  Concerning Exhibit no. 136, Ms. Hill's difficulty finding employment
2  after being terminated by Defendant risks confusing the jury by making them think those events
3  have some relationship to Ms. Hill's termination.  Similarly, Exhibit 137 risks confusing or
4  misleading the jury because it does not concern an action or communication for which Ms. Hill was
5  reprimanded or terminated.

6  None of these exhibits are relevant, and even if Defendant could come up with a tangential
7  explanation to try to tie the exhibits to a fact of consequence in this litigation, these communications
8  are so far removed from the factual and temporal matters in this case that the probative value is
9  either zero or very close to zero.  Two of these communications date from long after Ms. Hill's
10 termination and do not concern the Defendant.  The third was not a subject of reprimand.

11 For the above reasons, even if these exhibits were found to be relevant, they should still be
12 excluded due to the risk of prejudice, confusion, and misleading the jury.

13 **C.     Exhibit nos. 135, 136, and 137 are improper character evidence.**

14 Even if the foregoing exhibits were held relevant and more probative than prejudicial, they
15 should still be excluded because they are improper character evidence.  Fed. R. Evid. 404 prohibits
16 introducing character evidence to prove that the person acted in a certain manner on a particular
17 occasion.  Fed. R. Evid. 404(a)(1); *see also United States v. Lynch*, 437 F.3d 902, 913–915 (9th Cir.
18 2006).  And evidence of other wrongs is inadmissible "to prove a person's character in order to show
19 that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid.
20 404(b)(1); *United States v. Curtin*, 489 F.3d 935, 943–944 (9th Cir. 2007).

21 Defendant appears interested in introducing these exhibits to malign Ms. Hill's character as
22 dishonest, emotional, and argumentative, in an attempt to sway the jury towards imputing these
23 character traits when deciding if Ms. Hill was properly reprimanded or constructively terminated.
24 This is an improper use of character evidence, and the exhibits in question do not relate to any
25 incidents in question in this litigation.  In fact, two exhibits depict communications that occurred
26 many months after Ms. Hill's termination and are unrelated to her work with Defendant, so their
27 probative value could *only* be as character evidence.  All three exhibits should be excluded.
28

## **CONCLUSION**

For the foregoing reasons, the Court should exclude from evidence Exhibit nos. 135, 136, and 137 and any related documents and demonstratives based on or otherwise derived from such Exhibits. Furthermore, because the Exhibits are inadmissible, Defendant's attorneys and witnesses should be ordered to refrain from making reference to or otherwise relying on them.

Respectfully submitted,

Dated:   August 6, 2019                    FENWICK & WEST LLP


By: */s/ Eric B. Young*
      Eric B. Young

      Attorneys for Plaintiff
      Trina Hill