1  J. DAVID HADDEN (CSB No. 176148)
   dhadden@fenwick.com
2  LYNN H. PASAHOW (CSB No. 54283)
   lpasahow@fenwick.com
3  FENWICK & WEST LLP
   Silicon Valley Center
4  801 California Street
   Mountain View, CA  94041
5  Telephone:     650.988.8500
   Facsimile:     650.938.5200
6
   MATTHEW B. BECKER (CSB No. 291865)
7  mbecker@fenwick.com
   ERIC B. YOUNG (CSB No. 318754)
8  eyoung@fenwick.com
   CHIEH TUNG (CSB No. 318963)
9  ctung@fenwick.com
   FENWICK & WEST LLP
10 555 California Street, 12th Floor
   San Francisco, CA 94104
11 Telephone:     415.875.2300
   Facsimile:     415.281.1350
12
   Attorneys for Plaintiff
13 Trina Hill

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TRINA HILL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOODFELLOW TOP GRADE,<br><br>　　　　　Defendant. | Case No. 4:18-cv-01474-HSG (KAW)<br><br>**PLAINTIFF TRINA HILL'S OPPOSITION TO DEFENDANT'S MOTON *IN LIMINE* NO. 1 REGARDING EXCLUSION OF EVIDENCE RELATED TO PLAINTIFF'S RESPIRATORY CONDITIONS KNOWN TO DEFENDANT**<br><br>Date:　　　August 27, 2019<br>Time:　　　3:00 p.m.<br>Courtroom: 2, 4th Floor<br>Judge:　　 Hon. Haywood S. Gilliam, Jr.<br>Trial Date: Sept. 9, 2019<br>Filed:　　　March 6, 2018 |

Defendant's Motion *in Limine* No. 1 (Dkt. 91) asks the Court to exclude any evidence relating to Ms. Hill's respiratory issues and collapsed lung.  The Court should deny the motion because this evidence bears on many of Defendant's affirmative defenses.  Moreover, Ms. Hill's respiratory condition bears directly on her retaliation claim and whether Defendant's asking Ms. Hill to do dust control work despite knowledge of her condition constituted adverse employment action.  Finally, proper jury instructions and verdict forms will ensure that there is no risk of jury confusion as to any unpled disability claims.

**A.   Ms. Hill's Respiratory Conditions, and Defendant's Knowledge Thereof, Are Relevant to Defendant's Affirmative Defenses**

Ms. Hill's respiratory conditions and Defendant's knowledge of those conditions are relevant to numerous of Defendant's affirmative defenses.  Defendant pleaded unclean hands, and intends to argue that Ms. Hill's use of prescribed medications relating to her medical condition, on her own time and outside of the job site, excuses Defendant from liability.  Defendant similarly pleaded that Ms. Hill "willfully breached her duties" (Dkt. 47 at 9) by refusing to perform tasks that Ms. Hill stated she could not perform for medical reasons, which Defendant knew to be the case before assigning those tasks.  Defendant's after-acquired evidence and willful misconduct defenses likewise implicate the same issues.  Prohibiting Ms. Hill from testifying and introducing evidence about her medical conditions and Defendant's knowledge of those conditions would leave her unable to respond to Defendant's allegations.

**B.   In Addition to Being Relevant to Defendant's Affirmative Defenses, Ms. Hill's Respiratory Conditions, and Defendant's Knowledge Thereof, Are Relevant to Ms. Hill's Retaliation Claim and Whether Defendant Took Adverse Action Against Ms. Hill**

Ms. Hill's retaliation claim considers whether Defendant subjected Ms. Hill to materially adverse employment action in response to her having engaged in a protected activity.  *See Burlington N. and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 59 (2006) ("Title VII's antiretaliation provision forbids employer actions that discriminate against an employee (or job applicant) because he has . . . participated in a Title VII investigation, proceeding, or hearing") (citations omitted); *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 506 (9th Cir. 2000) (informal complaints constitute protected activities, "such that actions taken against the [employee]

after these initial complaints are appropriately the subject of her retaliation claim"); *see also Westendorf v. W. Coast Contractors of Nev., Inc.*, 712 F.3d 417, 422 (9th Cir. 2013). To render its verdict on the retaliation claim, the jury needs to consider whether Defendant's treatment of Ms. Hill after she reported sexual harassment constituted an adverse employment action.

Ms. Hill's respiratory condition is relevant evidence of Defendant's adverse employment action in response to Ms. Hill's reporting sexual harassment to the general contractor, who then raised this issue with Defendant. An employer's action "is cognizable as an adverse employment action if it is reasonably likely to deter employees from engaging in protected activity." *Ray v. Henderson*, 217 F.3d 1234, 1243 (9th Cir. 2000). Ms. Hill told Defendant in June of 2017 about her respiratory condition and collapsed lung, which prevented her from doing dust control. The following month, Ms. Hill reported an incident of a male employee "mooning" her to the general contractor, who then raised this issue with the Defendant. Defendant subsequently represented to Ms. Hill that another subcontractor, Statewide, was taking over flagging operations per the general contractor's instruction, and asked her to do dust control work, with knowledge of her respiratory condition. Ms. Hill asserts that Defendant misrepresented the circumstances in which Statewide was purportedly taking over Defendant's flagging operations, and that Defendant actively sought ways to compel Ms. Hill to quit after she reported sexual harassment to the general contractor. Evidence relating to Ms. Hill's respiratory condition will enable the jury to understand Ms. Hill's retaliation claim and determine whether Defendant's characterization of the Statewide takeover and asking Ms. Hill to move to dust control was an adverse employment action.

### C. Evidence of Ms. Hill's Respiratory Conditions Will Not Prejudice Defendant or Confuse the Jury

Introduction of evidence of Ms. Hill's respiratory conditions as it relates to her retaliation claim will not prejudice Defendant because the evidence is relevant, Defendant has already taken discovery on it, and proper jury instructions and verdict forms will ensure that there is no confusion of the issues.

Contrary to Defendant's assertion, Defendant has already conducted discovery on this issue, including serving a request for production of documents concerning Ms. Hill's records as it relates to

Ms. Hill's employment with Defendant (and receiving in response over 600 pages of Ms. Hill's personal medical records), and soliciting various testimony relating to Ms. Hill's disability and collapsed lung. *See* Declaration of Chieh Tung in Support of Plaintiff Trina Hill's Oppositions to Defendant's Motions *In Limine* Nos. 1, 4 and 5 ("Tung Decl.") ¶ 2; *id.* Ex. 1 and Ex. 2 at 26:5-18; 40:4-23; 51:12-53:3.

Defendant states that Ms. Hill did not plead a claim for disability discrimination in her complaint, and argues that if the jury learns of Ms. Hill's disability then the jury might somehow mistakenly render a verdict on disability discrimination instead of race or gender discrimination. Because the instructions to the jurors and the verdict form will specify what types of discrimination are at issue in this case, there is no risk of an erroneous verdict on this basis. Nor would jurors be confused simply because there is not a basic disability discrimination claim before them, but facts relating to a disability are still mentioned due to relevance to other claims and defenses.

Based on the foregoing, Ms. Hill respectfully requests that the Court deny Defendant's Motion *in Limine* No. 1.

Dated: August 13, 2019

Respectfully submitted,

FENWICK & WEST LLP

By: */s/ Chieh Tung*
  Chieh Tung

  Attorneys for Plaintiff
  Trina Hill