J. DAVID HADDEN (CSB No. 176148)
dhadden@fenwick.com
LYNN H. PASAHOW (CSB No. 54283)
lpasahow@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:     650.988.8500
Facsimile:      650.938.5200

MATTHEW B. BECKER (CSB No. 291865)
mbecker@fenwick.com
ERIC B. YOUNG (CSB No. 318754)
eyoung@fenwick.com
CHIEH TUNG (CSB No. 318963)
ctung@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:     415.875.2300
Facsimile:      415.281.1350

Attorneys for Plaintiff
Trina Hill

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TRINA HILL,<br><br>          Plaintiff,<br><br>     v.<br><br>GOODFELLOW TOP GRADE,<br><br>          Defendant. | Case No. 4:18-cv-01474-HSG (KAW)<br><br>**PLAINTIFF TRINA HILL'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 4 REGARDING EXCLUSION OF "ME TOO" EVIDENCE (DKT. 94)**<br><br>Trial Date: Sept. 9, 2019<br>Time:         8:30 a.m.<br>Courtroom: 2, 4th Floor<br>Judge:       Hon. Haywood S. Gilliam, Jr.<br>Filed:         March 6, 2018 |

Plaintiff Trina Hill ("Plaintiff") submits its opposition to Defendant's Motion *in Limine* No. 4 Regarding Exclusion of "Me Too" Evidence (Dkt. 94). The evidence Defendant seeks to exclude is substantively similar to the subject matter of its Motion *in Limine* No. 5—compare "[a]llegations of discrimination, harassment, and/or retaliation suffered by other employees . . ." (Dkt. 94 at 2) with "[e]vidence of prior discrimination/harassment/retaliation complaints and/or other lawsuits against Goodfellow . . ." (Dkt. 95 at 3). As such, Plaintiff's response is similar.

Testimony from other employees that have filed grievances over Goodfellow's conduct is relevant both to Ms. Hill's claims under Title VII and her claim for punitive damages. That Goodfellow maintained a discriminatory and hostile environment goes directly to whether it is more likely than not that Ms. Hill was the subject of pervasive, harassing, and discriminatory treatment, and ultimately (and reasonably) found it impossible to return to the Chase Center worksite.

Evidence is relevant when it tends to make a fact of consequence more or less probable than it would be without the evidence. Fed. R. Evid. 401. The mere existence of complaints from Ms. Monroe and Mr. Amerson make it substantially more likely that Ms. Hill was also the victim of an active policy or a willful indifference to her rights on the jobsite. So, while Defendant's liability does not depend on the unique facts of other lawsuits or allegations, they are indicative of a racially and sexually charged workplace. But their testimony is singularly relevant, even independent of the merits or posture of their own complaints and pending lawsuits. *Ms. Monroe was present for the vast majority of the events that Ms. Hill complains of in her complaint.* She witnessed and experienced first-hand the treatment Ms. Hill suffered from Defendant's supervisors, employees, and third parties. And unless Defendant's are willing to stipulate that Ms. Hill's recollection and account of the events that precipitated this lawsuit, Ms. Monroe's independent recollection is not "cumulative" or a "waste of time" as Defendant suggests. Dkt. 94 at 5. Similarly, Mr. Amerson (Jr.)'s testimony will not only serve to authenticate necessary exhibits at trial, but will substantiate a critical element of Ms. Hill's timeline: that Defendant told her to remain off the job because there was no flagging work during the day—while moving an uncertified male flagger to perform exactly that job at her gate.

Defendant exaggerates the danger of confusion or mini-trials on witnesses' own claims

against Goodfellow. The jury is more than capable of processing differing accounts of events from several sources and applying them to the extensive jury instructions the parties have filed. And regardless, the Court can effectively eliminate any risk of prejudice by simply instructing the jury that witnesses' testimony is evidence for the specific purpose of evaluating the circumstances of Ms. Hill's claims, not the witnesses' own claims or concerns.

Defendant warns it will "be forced to introduce witnesses and documents for the sole purpose of rebutting these nonparties' alleged claims of discrimination, harassment and/or retaliation." Dkt. 94 at 4. But according to its description of Ms. Monroe's and Mr. Amerson Jr.'s complaints, the relevant witnesses (including, in critical part, Katherine Sullivan) are already expected to give testimony. *See* Declaration of Chieh Tung Ex. 3 at 5. Defendant's argument on this point obscures the motion's real purpose: to exclude clarifying and substantiating testimony from those who have experienced Goodfellow's discriminatory and harassing conduct and were first-person witnesses to the events *in this case*.

The probative value of the evidence concerning Defendant's own defense substantially outweighs any risk of prejudice that Defendant claims. *See* Fed. R. Evid. 403. The jury must consider the environment Ms. Hill was working in for her Title VII claims. It must also consider whether Defendant knew of and ignored the harm its conduct could cause to Ms. Hill. In most instances, the evidence addressed in Defendant's motion will not be prejudicial because it simply provides additional perspectives on the same instances of discrimination that Ms. Hill will testify to, and which Defendant has the opportunity to respond to. The question asked in Rule 403 is whether the prejudicial evidence presented substantially outweighs its probative value. Fed. R. Evid. 403. Here, it does not.

Indeed, Ms. Hill's punitive damages claim requires her to show by a preponderance of the evidence that Defendant's conduct was malicious, oppressive, *or in reckless disregard of her rights*. That Defendant had been involved in similar complaints and lawsuits is proof positive that it was under at least constructive knowledge of what actions infringed a worker's rights. "[A]n employer may be liable for punitive damages in any case where it discriminates in the face of a perceived risk that its actions will violate federal law . . . although egregious conduct could be evidence of intent to

break the law, such conduct [is] not required to establish punitive damages liability." *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 515 (9th Cir. 2000) (citations omitted). Although "the purpose of Title VII is served by rewarding employers who adopt anti-discrimination policies . . . it would be undermined if those policies were not implemented, and were allowed instead to serve only as a device to allow employers to escape punitive damages for the discriminatory activities of their managerial employees. Thus . . . an employer must show not only that it has adopted an anti-discrimination policy, but that it has implemented that policy in good faith." *Id*. at 517 (citation omitted). The evidence Defendant seeks to exclude will tend to show that Goodfellow's policies and mechanisms "were not enforced and were used to discourage her from asserting her rights." *Id*. The circumstances surrounding the incidents above and others are therefore relevant and critical to establish whether Defendant knew its actions were in violation of Ms. Hill's statutory civil rights, and conducted themselves in active disregard of those rights.

The probative value of the evidence even concerns Defendant's own affirmative defense. According to its answer (Dkt. 47) and pretrial submissions, Defendant intends to raise the *Ellerth/Faragher* defense to the jury. The *Ellerth/Faragher* defense allows an employer to avoid liability for Title VII harassment where (1) the employer did not take any "tangible employment action" against an employee; (2) the employer exercised reasonable care to prevent and correct any harassing behavior; and (3) the plaintiff employee unreasonably failed to take advantage of the preventive or corrective opportunities the employer provides, or to otherwise avoid harm. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 764–65 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 806–07 (1998). Plaintiff maintains that the defense does not apply because it is limited to situations where harassment occurs outside the scope of employment. *See Ellerth*, 524 U.S. at 757–76. But in raising it, Defendant is trying to ride two horses: it seeks to raise and instruct the jury on its preventative-measure-based defense, but in the same breath exclude any evidence that might rebut it. Defendant cannot have it both ways. If the Court allows Defendant to present *Ellerth/Faragher* to the jury, it should open the door for Plaintiff to introduce evidence of its mishandling of unrelated incidents of sexual and racial harassment—including the testimony Defendant seeks to avoid via this motion.

|    |                              |                                          |
|----|------------------------------|------------------------------------------|
| 1  | The Court should deny Defendant's motion. |                             |
| 2  |                              | Respectfully submitted,                  |
| 3  | Dated:   August 13, 2019     | FENWICK & WEST LLP                       |
| 5  |                              | By: */s/ Eric B. Young* <br> Eric B. Young |
| 7  |                              | Attorneys for Plaintiff <br> Trina Hill   |