J. DAVID HADDEN (CSB No. 176148)
dhadden@fenwick.com
LYNN H. PASAHOW (CSB No. 54283)
lpasahow@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:     650.988.8500
Facsimile:      650.938.5200

MATTHEW B. BECKER (CSB No. 291865)
mbecker@fenwick.com
ERIC B. YOUNG (CSB No. 318754)
eyoung@fenwick.com
CHIEH TUNG (CSB No. 318963)
ctung@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:     415.875.2300
Facsimile:      415.281.1350

Attorneys for Plaintiff
Trina Hill

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TRINA HILL,<br><br>        Plaintiff,<br><br>   v.<br><br>GOODFELLOW TOP GRADE,<br><br>        Defendant. | Case No. 4:18-cv-01474-HSG (KAW)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 5 RE EXCLUSION OF EVIDENCE OF OTHER EMPLOYEES' CLAIMS OR COMPLAINTS OF DISCRIMINATION, HARASSMENT AND/OR RETALIATION (DKT. 95)**<br><br>Trial Date: Sept. 9, 2019<br>Time: 8:30 a.m.<br>Courtroom: 2, 4th Floor<br>Judge: Hon. Haywood S. Gilliam, Jr.<br>Filed: March 6, 2018 |

**PUBLIC REDACTED VERSION**

Plaintiff Trina Hill ("Plaintiff" or "Ms. Hill") submits its objection to Defendant's Motion *in Limine* No. 5 Regarding Exclusion of Evidence Regarding Other Employees' Claims or Complaints of Discrimination, Harassment and/or Retaliation (Dkt. 95). The Court should deny the motion because evidence of other harassment and discrimination is directly relevant to Ms. Hill's Title VII claims and claim for punitive damages. The evidence Defendant seeks to exclude is substantively similar to the subject matter of its Motion *in Limine* No. 4—compare "[a]llegations of discrimination, harassment, and/or retaliation suffered by other employees . . ." (Dkt. 94 at 2) with "[e]vidence of prior discrimination/harassment/retaliation complaints and/or other lawsuits against Goodfellow . . ." (Dkt. 95 at 3). As such, Plaintiff's response is similar.

Evidence of prior discrimination lawsuits, complaints of sexual harassment, and reported allegations of retaliation by Goodfellow supervisors and management is directly relevant to both Ms. Hill's claims under Title VII and her claim for punitive damages. That Goodfellow maintained a discriminatory and hostile environment goes directly to whether it is more likely than not that Ms. Hill was the subject of pervasive, harassing, and discriminatory treatment, and ultimately (and reasonably) found it impossible to return to the Chase Center worksite.

The discovery responses Defendant refers to in its motion are Defendant's Responses to Plaintiff's Written Deposition Topics, which Defendant served on January 22, 2019. *See* Declaration of Chieh Tung Ex. 3. Request No. 33 asked Defendant to

> [e]xplain in detail all the facts and circumstances surrounding any employment discrimination or harassment [claim] made against you based on race from January 1, 2017 to present related to the Chase Center job site, and describe the circumstances under which each occurred, including but not limited to the date(s) when each occurred, the [persons] involved, and [your] response thereto.

[redacted]

1 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

2 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

3 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

4 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

5 ▬▬▬▬▬▬

6      ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

7 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬

8    ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

9 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

10 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

11    ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

12 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

13 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

14    Evidence is relevant when it tends to make a fact of consequence more or less probable than it would be without the evidence. Fed. R. Evid. 401. Evidence of other complaints, claims, and lawsuits involving race and sex discrimination allegations—regardless of whether there was a final resolution—make it substantially more likely that Ms. Hill was also the victim of an active policy or a willful indifference to her rights on the jobsite. The mere existence of those complaints makes it substantially more likely that Ms. Hill was also the victim of an active policy or a willful indifference to her rights on the jobsite. So, while Defendant's liability does not depend on the unique facts of other lawsuits or allegations, they are indicative of a racially and sexually charged workplace.

   Indeed, Ms. Hill's punitive damages claim requires her to show by a preponderance of the evidence that Defendant's conduct was malicious, oppressive, *or in reckless disregard of her rights*. That Defendant had been involved in similar complaints and lawsuits is proof positive that it was under at least constructive knowledge what actions infringed a worker's rights. "[A]n employer may be liable for punitive damages in any case where it discriminates in the face of a perceived risk that its actions will violate federal law . . . although egregious conduct could be evidence of intent to

FENWICK & WEST LLP
ATTORNEYS AT LAW

break the law, such conduct [is] not required to establish punitive damages liability."  *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 515 (9th Cir. 2000) (citations omitted).  Although "the purpose of Title VII is served by rewarding employers who adopt anti-discrimination policies . . . it would be undermined if those policies were not implemented, and were allowed instead to serve only as a device to allow employers to escape punitive damages for the discriminatory activities of their managerial employees.  Thus . . . an employer must show not only that it has adopted an anti-discrimination policy, but that it has implemented that policy in good faith."  *Id*. at 517 (citation omitted).  The evidence Defendant seeks to exclude will tend to show that Goodfellow's policies and mechanisms "were not enforced and were used to discourage her from asserting her rights."  *Id*.  The circumstances surrounding the incidents above and others are therefore relevant and critical to establish whether Defendant knew its actions were in violation of Ms. Hill's statutory civil rights, and conducted themselves in active disregard of those rights.

  Ms. Monroe's testimony in particular is essential in this case as a primary witness to the events Ms. Hill complains of.  Ms. Monroe suffered and experience many of the same humiliations that Ms. Hill did, and can give her recollection of those events as they affect the unique wrinkles of Ms. Hill's case.  The fact that she has separate claims arising from the same conduct should not bar her clearly relevant testimony as it pertains here.  At minimum, the jury should hear and have the weight of available evidence.

  The probative value of the evidence substantially outweighs any risk of prejudice that Defendant claims.  *See* Fed. R. Evid. 403.  The jury must consider the environment Ms. Hill was working in for her Title VII claims.  It must also consider whether Defendant knew of and ignored the harm its conduct could cause to Ms. Hill.  In most instances, the evidence addressed in Defendant's motion will not be prejudicial because it simply provides additional perspectives on the same instances of discrimination that Ms. Hill will testify to, and which Defendant has the opportunity to respond to.  Moreover, the question asked in Rule 403 is whether the prejudice evidence presents substantially outweighs its probative value.  Here, it does not.  The jury should be able to hear that other employees complained of similar or identical conduct by the same people that discriminated against Ms. Hill.

HILL'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 5      3      CASE NO.: 4:18-cv-01474-HSG (KAW)

Finally, Defendant intends to raise the *Ellerth/Faragher* defense to the jury, according to its answer (Dkt. 47) and pretrial submissions. The *Ellerth/Faragher* defense allows an employer to avoid liability for Title VII harassment where (1) the employer did not take any "tangible employment action" against an employee; (2) the employer exercised reasonable care to prevent and correct any harassing behavior; and (3) the plaintiff employee unreasonably failed to take advantage of the preventive or corrective opportunities the employer provides, or to otherwise avoid harm. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 764–65 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 806–07 (1998). The defense does not apply because it is limited to situations where harassment occurs outside the scope of employment. *See Ellerth*, 524 U.S. at 757–76. But Defendant is trying to ride two horses regardless: it seeks to raise and instruct the jury on its defense, but in the same breath exclude any evidence that might rebut it. If the Court allows Defendant to present *Ellerth/Faragher* to the jury, it should open the door for Plaintiff to introduce evidence of its mishandling of unrelated incidents of sexual and racial harassment—including the complaints listed above and others like them.

The Court should deny Defendant's motion.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:   August 13, 2019 | FENWICK & WEST LLP |
|  | By: */s/ Eric B. Young*<br>       Eric B. Young |
|  | Attorneys for Plaintiff<br>Trina Hill |