UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRINA HILL,<br><br>    Plaintiff,<br><br>v.<br><br>GOODFELLOW TOP GRADE,<br><br>    Defendant. | Case No. 18-cv-01474-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 96, 114 |

Plaintiff filed two administrative motions to file documents under seal in connection with the parties' motions *in limine*. Dkt. Nos. 96, 114. The Court **GRANTS IN PART** and **DENIES IN PART** the motions to file under seal, as described below.

## I.  LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public

scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

## II. DISCUSSION

Because Plaintiff moves to file documents related to her motions *in limine* and opposition to Defendant's motions *in limine*, the Court will apply the lower good cause standard.

### A. Plaintiff's Motion to File Under Seal Exhibits 6 and 10 (Dkt. No. 96)

Plaintiff seeks to file under seal Exhibits 6 and 10 to the Declaration of Eric B. Young ("Young Declaration"), in support of her motions *in limine*. Dkt. No. 96. Exhibit 6 is a collection of Plaintiff's personal medical records. Dkt. No. 96-1 ¶ 2. Exhibit 10 contains excerpts from Plaintiff's deposition transcript. *Id.* ¶ 3.

The Court finds that there is good cause to seal Exhibit 6, but not Exhibit 10. As to Exhibit 6, the Court finds that protecting Plaintiff's privacy interest in her confidential medical information outweighs the public's interest in access to this information. *See A.C. v. City of Santa Clara*, No. 13-CV-03276-HSG, 2015 WL 4076364, at *2 (N.D. Cal. July 2, 2015). With respect to Exhibit 10, Plaintiff's proffered justification is that the deposition testimony includes Plaintiff's responses to "inflammatory, irrelevant, and prejudicial topics" and has the "potential to harm Ms. Hill's reputation in a very public way." Dkt. No. 96 at 1. However, this falls short of the "particularized showing" of "specific prejudice or harm" Plaintiff must make to outweigh the

public interest in access to judicial records. *See Phillips*, 307 F.3d at 1210–11 (citation and quotations omitted); *see also* Fed. R. Civ. P. 26(c). And, as Plaintiff concedes, Exhibit 10 reflects facts that are already in the record. Dkt. No. 96 at 1. Accordingly, sealing Exhibit 10 in its entirety is not "narrowly tailored" as to seal only sealable material, required by Civil Local Rule 79-5. The Court therefore **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion to seal Exhibits 6 and 10 to the Young Declaration.

### B. Plaintiff's Motion to File Under Seal Her Opposition and Portions of Exhibit 3 (Dkt. No. 114)

Plaintiff also asks the Court to file under seal portions of her opposition to Defendant's Motion *In Limine* No. 5 and portions of Exhibit 3 attached to the Declaration of Chieh Tung ("Tung Declaration") in support of Plaintiff's opposition. Dkt. No. 114. The only basis Plaintiff proffers for sealing is that Defendant designated the material as confidential. Dkt. No. 114 at 1.

As Plaintiff acknowledges, a designation of confidentiality is not sufficient to establish that a document is sealable. *See* Civ. L. R. 79-5(d)(1)(A). "Confidential" is merely the parties' initial designation of confidentiality to establish coverage under the stipulated protective order. *See Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-cv-05501-SI, 2015 WL 5117083, at *5 (N.D. Cal. Aug. 31, 2015) ("But good cause 'cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential'") (quoting *Bain v. AstraZeneca LP*, No. 09-cv-4147, 2011 WL 482767, at *1 (N.D. Cal. Feb. 7, 2011)). Thus, Plaintiff's motion does not comply with Civil Local Rule 79-5(d)(1)(A). In addition, as the designating party for the materials, Defendant did not comply with Civil Local Rule 79-5(e)(1), because it did not file a Declaration within four days of Plaintiff's motion. *See* Civ. L.R. 79-5(e)(1). Accordingly, the Court **DENIES** Plaintiff's motion to seal portions of her opposition to Defendant's Motion *in Limine* No. 5 and portions of Exhibit 3 to the Tung Declaration.

### III. CONCLUSION

The Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's administrative motion to file under seal Exhibits 6 and 10 to the Young Declaration, Dkt. No. 96, and **DENIES**

Plaintiff's administrative motion to file under seal portions of her opposition and portions of Exhibit 3 to the Tung Declaration, Dkt. No. 114.

The Court **DIRECTS** Plaintiff to file public versions of all documents for which the proposed sealing has been denied within seven days of this order. Plaintiff may also file new motions to seal within seven days of this order according to the requirements discussed above. Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative motions are granted will remain under seal.

**IT IS SO ORDERED.**

Dated: 8/22/2019

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge