**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOSEPH R. LORDAN, SB# 265610
  Email: Joseph.Lordan@lewisbrisbois.com
ALLISON L. SHRALLOW, SB#272924
  Email: Allison.Shrallow@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile: 415.434.0882

Attorneys for Defendant GOODFELLOW TOP GRADE CONSTRUCTION, LLC (erroneously sued as Goodfellow Top Grade)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| TRINA HILL,<br><br>    Plaintiff,<br><br>vs.<br><br>GOODFELLOW TOP GRADE,<br><br>    Defendant. | CASE NO. 4:18-cv-01474-HSG<br><br>**DEFENDANT'S NOTICE OF ADMINISTRATIVE MOTION AND ADMINISTRATIVE MOTION TO COMPEL DEPOSITION OF DIANA MONROE BEFORE MS. MONROE'S TRIAL TESTIMONY; MEMORANDUM OF POINTS AND AUTHORITIES** |

TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant GOODFELLOW TOP GRADE CONSTRUCTION, LLC ("Goodfellow") hereby moves for an order compelling Diana Monroe's deposition prior to Ms. Monroe's trial testimony (commencing sometime after September 9) in light of Diana Monroe evading service of her subpoena and deposition notice in this matter and Plaintiff's counsel's refusal to schedule her deposition in the Diana Monroe matter before Trina Hill's trial.

/ / /

/ / /

/ / /

/ / /

# MEMORNADUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff and Diana Monroe are represented by the same counsel (Fenwick & West) and have brought two separate lawsuits against Goodfellow. Prior to Fenwick's appointment as counsel for both Plaintiff and Ms. Monroe, Goodfellow attempted to serve Diana Monroe with a deposition subpoena in this matter on <u>twelve</u> different occasions during February 2019 in order to prepare for her trial testimony in this case. Each and every service attempt at the address listed in Diana Monroe's Complaint proved unsuccessful. Now Plaintiff has served a notice of an intention to call Ms. Monroe as a witness at trial. Goodfellow seeks to depose her prior to her trial testimony to avoid unnecessary surprise and because her testimony might prove beneficial to settlement discussions. Goodfellow diligently sought to depose Ms. Monroe. On July 9, 2019, Goodfellow noticed Ms. Monroe's deposition for August 20, 2019 in Ms. Monroe's own lawsuit (Diana Monroe v. Goodfellow Top Grade Construction, LLC) to obtain Ms. Monroe's testimony about her own claims and the events that were common to both Plaintiff's and Ms. Monroe's employment. Goodfellow was unable to proceed with Ms. Monroe's deposition in her case due to time constructions caused by pre-trial filing requirements in this matter. After completion of pre-trial filings, on August 21, 2019 Goodfellow informed Plaintiff's counsel of its intention to depose Ms. Monroe on September 4, 2019 in the *Monroe* matter and noticed her deposition for that date. Plaintiff and Ms. Monroe's counsel thereafter informed Goodfellow that Ms. Monroe would not make herself available for deposition examination prior to trial of this action.

## II. FACTUAL BACKGROUND

On December 21, 2018 Diana Monroe filed her Complaint with the United States District Court, Northern District of California and listed her address as 6315 Shattuck Avenue #7, Oakland, CA 94609. See Declaration of Allison L. Shrallow ("Shrallow Dec.") in Support of Motion to Compel Diana Monroe's Deposition or Exclude Diana Monroe's Testimony at Trial, ¶ 2, Ex. A. On February 7, 2019, Goodfellow began its attempts to personally serve Ms. Monroe with a subpoena and deposition notice in this matter at the address listed on her complaint. Shrallow Dec. ¶ 3, Ex. B.

4851-2561-9106.2    2    4:18-cv-01474-HSG
DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION OF DIANA MONROE PRIOR TO MS. MONROE'S TRIAL TESTIMONY; MEMORANDUM OF POINTS AND AUTHORITIES

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

Goodfellow's process server attempted service at this address on <u>twelve</u> occasions but was unable to serve Ms. Monroe. *Id.*

Or on around May 3, 2019, Fenwick & West was appointed as counsel for Plaintiff and Ms. Monroe. At that point, fact discovery in this matter was closed.

Accordingly, on July 9, 2019, Goodfellow noticed Ms. Monroe's deposition in the *Monroe* matter for August 20, 2019. Shrallow Dec. ¶ 4, Ex. C. On July 31, 2019, the parties were preoccupied with their numerous pretrial filings in this matter and decided to take Ms. Monroe's deposition off calendar. Shrallow Dec. ¶ 5, Ex. D. Once the filings were completed, Goodfellow contacted Ms. Monroe's counsel to schedule Ms. Monroe's deposition in early September 2019. Shrallow Dec. ¶ 6. On August 21, 2019, Goodfellow noticed Ms. Monroe's deposition in Ms. Monroe's lawsuit for September 4, 2019. Shrallow Dec. ¶ 6, Ex. E. Despite giving Ms. Monroe's counsel two weeks of notice and the fact that Ms. Monroe has <u>five</u> attorneys from Fenwick & West representing her, Ms. Monroe's counsel claims they cannot appear at Ms. Monroe's deposition on that date and refuse to produce her for her deposition prior to Plaintiff's trial. Shrallow Dec. ¶ 7, Ex. F. Ms. Monroe's counsel's refusal to cooperate is surprising in light of the fact that Goodfellow has been more than accommodating to Plaintiff's need to take a second deposition of Clark Construction's Person Most Qualified <u>last week</u> (or after the discovery cut off date and after the 30-day deadline to complete this deposition provided by Judge Gilliam had passed). Shrallow Dec. ¶ 7, Ex. G.

### III. ARGUMENT

Good cause exists for the Court to allow Goodfellow to depose Ms. Monroe prior to Ms. Monroe's trial testimony. Ms. Monroe is expected to provide testimony at trial regarding Plaintiff's work experience and it is of critical importance that Goodfellow be afforded the opportunity to prepare for such testimony by deposing Ms. Monroe beforehand. Goodfellow attempt to serve Ms. Monroe for deposition examination in this action at the address listed on her Complaint in the *Monroe* matter on twelve different occasions (during weekday mornings, weekday evenings, weekend days and nights) to no avail. Permitting Ms. Monroe to testify in this matter after evading Goodfellow's service of process of a deposition subpoena on 12 successive occasions would be severely prejudicial to Goodfellow and contrary to the fair administration of justice. Ms. Monroe is represented by the

1  same five attorneys at Fenwick & West who represent Plaintiff in this action which removes any
2  contention that coordination between Ms. Monroe and Plaintiff is required to examine Ms. Monroe on
3  a certain date.  Accordingly, Goodfellow respectfully requests an order directing Ms. Monroe to
4  appear for deposition examination by Goodfellow prior to testimony by Ms. Monroe at trial of this
5  matter.

**IV.  CONCLUSION**

For the reasons set forth above, Goodfellow respectfully requests the Court grant its motion to compel Ms. Monroe's deposition prior to testimony by Ms. Monroe at trial in this action.

DATED: August 26, 2019                LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Allison L. Shrallow*
Joseph R. Lordan
Allison L. Shrallow
Attorneys for Defendant
GOODFELLOW TOP GRADE CONSTRUCTION, LLC  (erroneously sued as Goodfellow Top Grade)

