UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TRINA HILL,

                Plaintiff,

        v.

GOODFELLOW TOP GRADE,

                Defendant.

Case No. 18-cv-01474-HSG

**ORDER GRANTING DEFENDANT'S MOTIONS IN LIMINE 4 AND 5**

Re: Dkt. Nos. 94, 95

Pending before the Court are Defendant's remaining motions in limine. Dkt. Nos. 94, 95. Specifically at issue here is whether to exclude evidence of Plaintiff's proffered "me too" evidence. *Id*. At the August 27, 2019 pretrial conference, the Court directed Plaintiff to submit a detailed offer of proof describing the substance of the proffered evidence and the purpose for which Plaintiff seeks to introduce it. Dkt. No. 127. Having received Plaintiff's offer of proof, Dkt. No. 128, and Defendant's response, Dkt. No. 133, the Court **GRANTS** the remaining motions in limine.

## I.   LEGAL STANDARD

The Ninth Circuit has held that an employer's conduct "tending to demonstrate hostility towards a certain group is both relevant and admissible where the employer's general hostility towards that group is the true reason behind firing an employee who is a member of that group." *Heyne v. Caruso,* 69 F.3d 1475, 1479 (9th Cir. 1995) (evidence of supervisor's sexual harassment of other female workers may be used to prove motive or intent in discharging plaintiff); *see also Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1038 (9th Cir. 2005) ("Where a decisionmaker makes a discriminatory remark against a member of the plaintiff's class, a reasonable factfinder may conclude that discriminatory animus played a role in the challenged

United States District Court
Northern District of California

1    decision."). Anecdotal evidence of past discrimination may be inadmissible in the "typical case of

2    individual discrimination," even though it could be relevant in a case involving "a claim of

3    discriminatory pattern or practice." *Obrey v. Johnson*, 400 F.3d 691, 698 (9th Cir. 2005) (holding

4    that testimony offered to show that defendant "unlawfully rejected other applicants in

5    circumstances similar to [plaintiff's]" tended to support defendant's discriminatory motive and

6    plaintiff's pattern or practice theory). The district court retains broad discretion to determine

7    "whether the probative value of the evidence at issue is substantially outweighed by considerations

8    'of undue delay, waste of time, or needless presentation of cumulative evidence.'" *Id*. (citing Fed.

9    R. Evid. 403).

10   **II.   DISCUSSION**

11        Plaintiff argues that the "me too" evidence is relevant because evidence of other

12   complaints, claims, or lawsuits involving race or sex discrimination makes it "substantially more

13   likely that Ms. Hill was also the victim of an active policy or a willful indifference to her rights on

14   the jobsite." Dkt. No. 116 at 1. In addition, Plaintiff contends that this evidence is independently

15   relevant to Defendant's *Ellerth/Faragher* defense. *Id*. at 3.

16             **A.  Plaintiff's Proffered "Me Too" Evidence Is Not Relevant**

17                  **i.   James Amerson Jr., Darius McCree, and Olatunji Raheem**

18        According to Plaintiff's offer of proof, James Amerson Jr. will testify about his race

19   discrimination complaint to Katherine Sullivan of Human Resources. Dkt. No. 128 at 4. Plaintiff

20   seeks to elicit testimony from Ms. Sullivan that Defendant was aware of Mr. Amerson's complaint

21   yet failed to take any responsive action. *Id*. Plaintiff also seeks testimony from Ms. Sullivan

22   concerning another informal race discrimination complaint filed by Darius McCree, who

23   Defendant terminated for purportedly violating its attendance and punctuality policy. *Id*. As with

24   Mr. Amerson Jr., Plaintiff seeks testimony from Ms. Sullivan regarding why Defendant did not

25   investigate Mr. McCree's complaint. *Id*. Finally, Plaintiff intends to ask Ms. Sullivan about

26   Olatunji Raheem's state court action against Defendant for alleged race discrimination. *Id*. at 5–6.

27   Mr. Raheem's state complaint included allegations that Defendant discriminates against African-

28   American employees by conducting random drug tests only on them. *Id*. at 5.

1      The Court finds that Plaintiff has not made a sufficient showing that the witnesses were

2   similarly situated to Plaintiff such that the proffered evidence is relevant. *See Obrey*, 400 F.3d at

3   698. All three witnesses' stories involve circumstances and theories of discrimination that are

4   substantially different from Plaintiff's claims. Plaintiff does not establish that any of the three

5   witnesses reported to the same supervisors as Plaintiff, that they had the same duties as Plaintiff,

6   or that they were allegedly subject to the same adverse employment actions as Plaintiff. The

7   Court finds that Plaintiff has failed to show how the proffered testimony regarding these

8   complaints, made by employees in entirely different circumstances, has any probative value on the

9   question of whether Defendant had a discriminatory attitude towards Plaintiff's protected classes.

10
### ii.  Diana Monroe

11      As to Diana Monroe, Plaintiff intends to ask Ms. Monroe about the facts surrounding the

12   discriminatory experiences Plaintiff alleged in her complaint for which Ms. Monroe was present.

13   Dkt. No. 128 at 2–3. This testimony is not "me too" evidence: it is percipient witness testimony,

14   as both parties acknowledge. *See id*. at 3 ("Ms. Monroe's personal knowledge of these incidents is

15   not "me too" evidence or evidence of other complaints"); Dkt. No. 133 at 2 ("Goodfellow does not

16   dispute that Ms. Monroe may be called as a corroborating witness to the events set forth in

17   Plaintiff's complaint"). Plaintiff has not otherwise made any proffer as to any "me too" evidence

18   involving Ms. Monroe. Thus, the Court will allow Ms. Monroe's testimony only to the extent that

19   she is a percipient witness to matters raised in Plaintiff's claims.

20
### B.  Any Probative Value Is Substantially Outweighed by Rule 403 Considerations

21      The Court further finds that any limited probative value of Plaintiff's proffered "me too"

22   evidence would be substantially outweighed by Rule 403 considerations. The Court rejects

23   Plaintiff's contention that there would be "no need to address the merits and factual accuracy of

24   other complaints." Dkt. No. 128 at 9. Obviously, the complaints are only relevant if the

25   complained-of discrimination actually occurred, and there has been no finding to that effect as to

26   any of the claims. Presentation of the evidence necessarily would thus require time-consuming

27   mini trials to adjudicate the truth or falsity of the complaints made by each of the three witnesses.

28   Defendant would be forced to present evidence rebutting these allegations, which have virtually no

3

1    similarity to Plaintiff's.  Any probative value of the "me too" evidence therefore is substantially

2    and decisively outweighed by the danger that the evidence will confuse the issues, mislead the

3    jury, unfairly prejudice Defendant, and waste time.  *See* Fed. R. Evid. 403.

4                   **C.  *Ellerth/Faragher* Defense**

5           Plaintiff also contends that the proffered evidence is relevant to Defendant's

6    *Ellerth/Faragher* defense.  Dkt. No. 128 at 6–7.  The *Ellerth/Faragher* defense is an affirmative

7    defense to vicarious liability in Title VII cases where a plaintiff alleges that a supervisor created an

8    actionable hostile environment.  *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998);

9    *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998).  To assert the defense, an employer

10   must show that it "exercised reasonable care to prevent and correct promptly any sexually

11   harassing behavior," and that the plaintiff "unreasonably failed to take advantage of any

12   preventive or corrective opportunities provided by the employer or to avoid harm otherwise."

13   *Ellerth*, 524 U.S. at 765.  The defense is not available when the supervisor's "harassment

14   culminates in a tangible employment action, such as discharge, demotion, or undesirable

15   reassignment."  *Id.*

16          Plaintiff argues that the *Ellerth/Faragher* defense does not apply, but says that if

17   Defendant is allowed to present this defense, she should be able to introduce evidence of

18   Defendant's "mishandling of unrelated incidents of sexual and racial harassment—including the

19   complaints listed [in the offer of proof]."  Dkt. No. 128 at 7.  Defendant asserts that the proffered

20   evidence of "post-termination complaints or lawsuits" is not relevant to whether Plaintiff

21   "unreasonably failed to report alleged harassment during her employment."  Dkt. No. 133 at 10.

22          At this stage, the Court need not rule definitively on whether the *Ellerth/Faragher* defense

23   applies.  But the Court is strongly inclined to agree with Plaintiff that the defense does not apply

24   given the nature of the claims here.  Moreover, Defendant should be on notice that if it is allowed

25   to present this defense, evidence of its alleged failure to respond to complaints could be relevant to

26   the reasonableness of Plaintiff's purported reporting failure.  For the reasons explained above, this

27   evidence is excluded from Plaintiff's case-in-chief, but Defendant could open the door to this

28   evidence in rebuttal by presenting an *Ellerth/Faragher* defense.

4

1    **III.    CONCLUSION**

2          The Court **GRANTS** Defendant's motions in limine four and five to exclude Plaintiff's

3    proffered "me too" evidence from Plaintiff's case-in-chief.  Dkt. Nos. 94, 95.

4

5          **IT IS SO ORDERED.**

6    Dated: 9/4/2019

7          _____

8          HAYWOOD S. GILLIAM, JR.
             United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28