UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TRINA HILL,

          Plaintiff,

    v.

GOODFELLOW TOP GRADE,

          Defendant.

Case No.  18-cv-01474-HSG

**FINAL JURY INSTRUCTIONS**

# INSTRUCTION NO. 1

# DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**INSTRUCTION NO. 2**

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 3**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits that are admitted into evidence;

3.  any facts to which the lawyers have agreed; and

4.  any facts that I may instruct you to accept as proved.

**INSTRUCTION NO. 4**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.  Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.  Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

# INSTRUCTION NO. 5

## EVIDENCE FOR LIMITED PURPOSE

Some evidence was admitted only for a limited purpose. When I instructed you that an item of evidence was admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

**INSTRUCTION NO. 6**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

United States District Court
Northern District of California

**INSTRUCTION NO. 7**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overruled the objection, the question may be answered or the exhibit received. If I sustained the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I ordered that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**INSTRUCTION NO. 8**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**INSTRUCTION NO. 9**

**IMPEACHMENT EVIDENCE—WITNESS**

The evidence that a witness has lied under oath or given inconsistent testimony may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**INSTRUCTION NO. 10**

**USE OF INTERROGATORIES**

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**INSTRUCTION NO. 11**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not admitted into evidence may have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

United States District Court
Northern District of California

# INSTRUCTION NO. 12

# CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**INSTRUCTION NO. 13**

**CIVIL RIGHTS—TITLE VII—DISPARATE TREATMENT—WHEN EVIDENCE**

**SUPPORTS "SOLE REASON" OR "MOTIVATING FACTOR"**

The plaintiff has brought a claim of employment discrimination against the defendant. The plaintiff claims that her race or sex was either the sole reason or a motivating factor for the defendant's decision to take an adverse employment action against her. The defendant denies that the plaintiff's race or sex was either the sole reason or a motivating factor for the defendant's decision to take an adverse employment action against her and further claims the decision to take an adverse employment action against her was based on a lawful reason.

**INSTRUCTION NO. 14**

**CIVIL RIGHTS—TITLE VII—"ADVERSE EMPLOYMENT ACTION" IN DISPARATE TREATMENT CASES**

An action is an adverse employment action if it materially affects the compensation, terms, conditions, or privileges of employment.

**INSTRUCTION NO. 15**

**CIVIL RIGHTS—TITLE VII—DISPARATE TREATMENT—RACE—"SOLE REASON"—ELEMENTS AND BURDEN OF PROOF**

As to the plaintiff's claim that her race was the sole reason for the defendant's decision to take an adverse employment action against her, the plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1.  the defendant took an adverse employment action against the plaintiff; and
2.  the plaintiff's race was the sole reason in the defendant's decision to take the adverse employment action against the plaintiff.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

**INSTRUCTION NO. 16**

**CIVIL RIGHTS—TITLE VII—DISPARATE TREATMENT—SEX—"SOLE REASON"—ELEMENTS AND BURDEN OF PROOF**

As to the plaintiff's claim that her sex was the sole reason for the defendant's decision to take an adverse employment action against her, the plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1.  the defendant took an adverse employment action against the plaintiff; and

2.  the plaintiff's sex was the sole reason in the defendant's decision to take the adverse employment action against the plaintiff.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

**INSTRUCTION NO. 17**

**CIVIL RIGHTS—TITLE VII—DISPARATE TREATMENT—RACE—"MOTIVATING**

**FACTOR"—ELEMENTS AND BURDEN OF PROOF**

As to the plaintiff's claim that her race was a motivating factor for the defendant's decision to take an adverse employment action against her, the plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1.  the defendant took an adverse employment action against the plaintiff; and

2.  the plaintiff's race was a motivating factor in the defendant's decision to take the adverse employment action against the plaintiff.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

**INSTRUCTION NO. 18**

**CIVIL RIGHTS—TITLE VII—DISPARATE TREATMENT—SEX—"MOTIVATING**

**FACTOR"—ELEMENTS AND BURDEN OF PROOF**

As to the plaintiff's claim that her sex was a motivating factor for the defendant's decision to take an adverse employment action against her, the plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

3.  the defendant took an adverse employment action against the plaintiff; and

4.  the plaintiff's sex was a motivating factor in the defendant's decision to take the adverse employment action against the plaintiff.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

**INSTRUCTION NO. 19**

**CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT—RACE—**

**HARASSMENT BECAUSE OF PROTECTED CHARACTERISTICS—ELEMENTS**

The plaintiff seeks damages against the defendant for a racially hostile work environment while employed by the defendant. In order to establish a racially hostile work environment, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the plaintiff was subjected to slurs, insults, jokes or other verbal comments or physical contact or intimidation of a racial nature;

2. the conduct was unwelcome;

3. the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create a racially abusive or hostile work environment;

4. the plaintiff perceived the working environment to be abusive or hostile; and

5. a reasonable woman in the plaintiff's circumstances would consider the working environment to be abusive or hostile.

Whether the environment constituted a racially hostile work environment is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with an employee's work performance.

**INSTRUCTION NO. 20**

**CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT—SEX—**

**HARASSMENT BECAUSE OF PROTECTED CHARACTERISTICS—ELEMENTS**

The plaintiff seeks damages against the defendant for a sexually hostile work environment while employed by the defendant. In order to establish a sexually hostile work environment, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.  the plaintiff was subjected to verbal or physical conduct of a sexual nature;

2.  the conduct was unwelcome;

3.  the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create a sexually abusive or hostile work environment;

4.  the plaintiff perceived the working environment to be abusive or hostile; and

5.  a reasonable woman in the plaintiff's circumstances would consider the working environment to be abusive or hostile.

Whether the environment constituted a sexually hostile work environment is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with an employee's work performance.

**INSTRUCTION NO. 21**

**CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT CAUSED BY SUPERVISOR—RACE—CLAIM BASED ON VICARIOUS LIABILITY—TANGIBLE EMPLOYMENT ACTION**

An employer may be liable when an employee's supervisor creates a racially hostile work environment for that employee. A "supervisor" is someone who is empowered by the employer to take tangible employment actions regarding the employee, such as hiring, firing, failing to promote, reassigning with significantly different responsibilities, or significantly changing benefits.

The plaintiff claims that she was subjected to a racially hostile work environment by Leonard Garcia, Timothy Sardam, and Sean Lennan, and that Leonard Garcia, Timothy Sardam, and Sean Lennan were her supervisors empowered by the defendant to take tangible employment actions against the plaintiff.

The defendant denies the plaintiff's claim. The plaintiff must prove her claim by a preponderance of the evidence.

**INSTRUCTION NO. 22**

**CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT CAUSED BY
SUPERVISOR—SEX—CLAIM BASED ON VICARIOUS LIABILITY—TANGIBLE
EMPLOYMENT ACTION**

An employer may be liable when an employee's supervisor creates a sexually hostile work environment for that employee. A "supervisor" is someone who is empowered by the employer to take tangible employment actions regarding the employee, such as hiring, firing, failing to promote, reassigning with significantly different responsibilities, or significantly changing benefits.

The plaintiff claims that she was subjected to a sexually hostile work environment by Leonard Garcia, Timothy Sardam, and Sean Lennan, and that Leonard Garcia, Timothy Sardam, and Sean Lennan were her supervisors empowered by the defendant to take tangible employment actions against the plaintiff.

The defendant denies the plaintiff's claim. The plaintiff must prove her claim by a preponderance of the evidence.

United States District Court
Northern District of California

**STIPULATED INSTRUCTION NO. 23**

**CIVIL RIGHTS—TITLE VII—"TANGIBLE EMPLOYMENT ACTION" DEFINED**

Tangible employment actions are the means by which a supervisor brings the official power of the enterprise to bear on subordinates. A tangible employment action requires an official act of the enterprise, a company act. A tangible employment action consists of a significant change in employment status such as hiring, firing, failing to promote, reassignment, a significant change in responsibilities, undesirable reassignment, or a significant change in benefits.

**INSTRUCTION NO. 24**

**CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT CAUSED BY NON-IMMEDIATE SUPERVISOR OR BY CO-WORKER—RACE—CLAIM BASED ON NEGLIGENCE**

The plaintiff seeks damages from the defendant for a hostile work environment caused by racial harassment. The plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1. the plaintiff was subjected to a racially hostile work environment by another subcontractor's employee, non-immediate supervisor, or co-worker; and

2. the defendant or a member of the defendant's management knew or should have known of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment.

A person is a member of management if the person has substantial authority and discretion to make decisions concerning the terms of the harasser's employment or the plaintiff's employment, such as authority to counsel, investigate, suspend, or fire the accused harasser, or to change the conditions of the plaintiff's employment. A person who lacks such authority is nevertheless part of management if he or she has an official or strong duty in fact to communicate to management complaints about work conditions. You should consider all the circumstances in this case in determining whether a person has such a duty.

The defendant's remedial action must be reasonable and adequate. Whether the defendant's remedial action is reasonable and adequate depends on the remedy's effectiveness in stopping the individual harasser from continuing to engage in such conduct and in discouraging other potential harassers from engaging in similar unlawful conduct. An effective remedy should be proportionate to the seriousness of the offense.

If you find that the plaintiff has proved both of the elements on which the plaintiff has the burden of proof, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

**INSTRUCTION NO. 25**

**CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT CAUSED BY NON-IMMEDIATE SUPERVISOR OR BY CO-WORKER—SEX—CLAIM BASED ON NEGLIGENCE**

The plaintiff seeks damages from the defendant for a hostile work environment caused by sexual harassment. The plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1. the plaintiff was subjected to a sexually hostile work environment by another subcontractor's employee, non-immediate supervisor, or co-worker; and

2. the defendant or a member of the defendant's management knew or should have known of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment.

A person is a member of management if the person has substantial authority and discretion to make decisions concerning the terms of the harasser's employment or the plaintiff's employment, such as authority to counsel, investigate, suspend, or fire the accused harasser, or to change the conditions of the plaintiff's employment. A person who lacks such authority is nevertheless part of management if he or she has an official or strong duty in fact to communicate to management complaints about work conditions. You should consider all the circumstances in this case in determining whether a person has such a duty.

The defendant's remedial action must be reasonable and adequate. Whether the defendant's remedial action is reasonable and adequate depends on the remedy's effectiveness in stopping the individual harasser from continuing to engage in such conduct and in discouraging other potential harassers from engaging in similar unlawful conduct. An effective remedy should be proportionate to the seriousness of the offense.

If you find that the plaintiff has proved both of the elements on which the plaintiff has the burden of proof, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

**INSTRUCTION NO. 26**

**CIVIL RIGHTS—TITLE VII—RETALIATION—ELEMENTS AND BURDEN OF PROOF**

The plaintiff seeks damages against the defendant for retaliation. The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1    the plaintiff participated in an activity protected under federal law, that is, reporting claimed discrimination or harassment;

2.    the employer subjected the plaintiff to an adverse employment action; and

3.    the plaintiff was subjected to the adverse employment action because of her opposition to an unlawful employment practice.

A plaintiff is "subjected to an adverse employment action" because of her opposition to an unlawful employment practice if the adverse employment action would not have occurred but for that opposition.

If you find that the plaintiff has proved all three of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

**INSTRUCTION NO. 27**

**CIVIL RIGHTS—TITLE VII—"ADVERSE EMPLOYMENT ACTION" IN
RETALIATION CASES**

An action is an adverse employment action if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable worker from making or supporting a charge of discrimination.

**INSTRUCTION NO. 28**

**CIVIL RIGHTS—TITLE VII—"CONSTRUCTIVE DISCHARGE" DEFINED**

A constructive discharge occurs when the working conditions are so intolerable that a reasonable person in the plaintiff's position would feel compelled to resign.

**INSTRUCTION NO. 29**

**DAMAGES—PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on the plaintiff's sexual or racial discrimination claim, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

- The mental, physical, and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;
- The reasonable value of wages, earnings, earning capacity, salaries, employment, and employment opportunities lost up to the present time; and
- The reasonable value of wages, earnings, earning capacity, salaries, employment, and employment opportunities that with reasonable probability will be lost in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**INSTRUCTION NO. 30**

**MEASURES OF TYPES OF DAMAGES**

In determining the measure of damages, you should consider:

The nature and extent of the harm to the plaintiff;

The mental, physical, emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

The reasonable value of wages, earnings, earning capacity, salaries, employment, or employment opportunities lost from the time of the discrimination to the present time;

The reasonable value of wages, earnings, earning capacity, salaries, employment, and employment opportunities that with reasonable probability will be lost in the future.

# INSTRUCTION NO. 31

## DAMAGES—MITIGATION

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.  that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.  the amount by which damages would have been mitigated.

# INSTRUCTION NO. 32

## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

United States District Court
Northern District of California

**CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**


Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place

discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**INSTRUCTION NO. 34**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**INSTRUCTION NO. 35**

**RETURN OF VERDICT**

A verdict form has been prepared for you. Please answer the questions in the order in which they appear. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

**IT IS SO ORDERED.**

Dated: 9/13/19

HAYWOOD S. GILLIAM, JR.
United States District Judge