**FILED**

SEP 17 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRINA HILL,<br><br>    Plaintiff,<br><br>    v.<br><br>GOODFELLOW TOP GRADE,<br><br>    Defendant. | Case No. 18-cv-01474-HSG<br><br>**JURY VERDICT FORM** |

We the jury in the above-entitled action find the following answers to the questions submitted to us:

# PLAINTIFF'S CLAIMS

## I. RACE/SEX DISCRIMINATION—DISPARATE TREATMENT

1. Has the plaintiff proved by a preponderance of the evidence that the plaintiff's race was the sole reason for the defendant's decision to take an adverse employment action against her?

    Yes _____    No ✓

    If the answer to Question No. 1 is "yes," proceed to Question No. 5. If the answer to Question No. 1 is "No," proceed to Question No. 2.

2. Has the plaintiff proved by a preponderance of the evidence that the plaintiff's race was a motivating factor for the defendant's decision to take an adverse employment action against her?

    Yes _____    No ✓

    If the answer to Question No. 2 is "yes," proceed to Question No. 3. If the answer to Question No. 2 is "No," proceed to Question No. 5.

3. Has the defendant proved by a preponderance of the evidence that the defendant's decision to take an adverse employment action against the plaintiff was also motivated by a lawful reason?

    Yes _____    No _____

    If the answer to Question No. 3 is "yes," proceed to Question No. 4. If the answer to Question No. 3 is "No," proceed to Question No. 5.

4. Has the defendant proved by a preponderance of the evidence that the defendant would have made the same decision to take an adverse employment action even if the plaintiff's race had played no role in the defendant's decision to take an adverse employment action against the plaintiff?

        Yes _____        No _____

Proceed to Question No. 5

5. Has the plaintiff proved by a preponderance of the evidence that the plaintiff's sex was the sole reason for the defendant's decision to take an adverse employment action against her?

        Yes _____        No ✓

If the answer to Question No. 5 is "yes," proceed to Question No. 9. If the answer to Question No. 5 is "no," proceed to Question No. 6.

6. Has the plaintiff proved by a preponderance of the evidence that the plaintiff's sex was a motivating factor for the defendant's decision to take an adverse employment action against her?

        Yes _____        No ✓

If the answer to Question No. 6 is "yes," proceed to Question No. 7. If the answer to Question No. 6 is "No," proceed to Question No. 9.

3

7. Has the defendant proved by a preponderance of the evidence that the defendant's decision to take an adverse employment action against the plaintiff was also motivated by a lawful reason?

    Yes _____        No _____

If the answer to Question No. 7 is "yes," proceed to Question No. 8. If the answer to Question No. 7 is "No," proceed to Question No. 9.

8. Has the defendant proved by a preponderance of the evidence that the defendant would have made the same decision to take an adverse employment action even if the plaintiff's race had played no role in the defendant's decision to take an adverse employment action against the plaintiff?

    Yes _____        No _____

If your answer to both Question Nos. 4 or 8 is "yes," do not answer any further questions on damages related to the plaintiff's claim of disparate treatment. If your answer to either Question Nos. 4 or 8 is "no," proceed to Question No. 9.

9. We, the Jury, unanimously find that the plaintiff has proved, by a preponderance of the evidence, that the plaintiff is entitled to recover compensatory (i.e., noneconomic) damages from the defendant in the following amount:

**Compensatory damages** (past and future noneconomic loss including mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, humiliation or emotional distress):

$ 0

Proceed to Section II.

4

## II.  RACE/SEX HARASSMENT

10. Has the plaintiff proved by a preponderance of the evidence each element of her claim against the defendant for race harassment?

    Yes _____     No ✓

Proceed to Question No. 11.

11. Has the plaintiff proved by a preponderance of the evidence each element of her claim against the defendant for sex harassment?

    Yes ✓     No _____

If your answer to either Question Nos. 10 or 11 is "yes," proceed to Question No. 12. If your answer to both Question Nos. 10 and 11 is "no," proceed to Question No. 13 in Section III.

12. We, the Jury, unanimously find that the plaintiff has proved, by a preponderance of the evidence, that the plaintiff is entitled to recover compensatory (i.e., noneconomic) damages from the defendant in the following amount:

**Compensatory damages** (past and future noneconomic loss including mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, humiliation or emotional distress):

$ __11,250__

Proceed to Question No. 13 in Section III.

5

## III. RETALIATION

13. Has the plaintiff proved by a preponderance of the evidence each element of her claim against the defendant for retaliation based on protected activity?

Yes ✓   No ____

If your answer to Question No. 13 is "yes," proceed to Question No. 14. If your answer to Question No. 13 is "no," proceed to Section IV.

14. We, the Jury, unanimously find that the plaintiff has proved, by a preponderance of the evidence, that the plaintiff is entitled to recover compensatory (i.e., noneconomic) damages from the defendant in the following amount:

**Compensatory damages** (past and future noneconomic loss including mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, humiliation or emotional distress):

$ 7,500

## IV. MITIGATION OF DAMAGES

If you answered "no" to Questions Nos. 1–2, 5–6, 10–12, your deliberations are now complete. Please have the foreperson sign and date the verdict form in the space on the last page.

If you awarded any damages in Question Nos. 9, 12, or 14, proceed to Question No. 15.

15. We, the jury, find by a preponderance of the evidence that plaintiff failed to mitigate her damages.

Yes _____    No ✓

If the answer to Question No. 15 is "yes," proceed to Question No. 16.  If the answer to Question No. 15 is "no," your deliberations are done.  Please have the foreperson sign and date the verdict form in the space provided on the next page.

16. We, the jury, reduce the total dollar amount in Question Nos. 9, 12, and 14 above because of the plaintiff's failure to mitigate her damages, reducing the total award of compensatory damages to the final amount:

$_____

Please have the foreperson sign and date the verdict form in the space provided below.

Sign: _____[signature]_____    Date: 9/17/2019

Print Name: RAFI AHMAD