| | |
|---|---|
| J. DAVID HADDEN (CSB No. 176148)<br>dhadden@fenwick.com<br>LYNN H. PASAHOW (CSB No. 54283)<br>lpasahow@fenwick.com<br>FENWICK & WEST LLP<br>Silicon Valley Center<br>801 California Street<br>Mountain View, CA 94041<br>Telephone: 650.988.8500<br>Facsimile: 650.938.5200<br><br>MATTHEW B. BECKER (CSB No. 291865)<br>mbecker@fenwick.com<br>ERIC B. YOUNG (CSB No. 318754)<br>eyoung@fenwick.com<br>CHIEH TUNG (CSB No. 318963)<br>ctung@fenwick.com<br>FENWICK & WEST LLP<br>555 California Street, 12th Floor<br>San Francisco, CA 94104<br>Telephone: 415.875.2300<br>Facsimile: 415.281.1350<br><br>Attorneys for Plaintiff<br>TRINA HILL | JOSEPH R. LORDAN (CSB No. 265610)<br>Joseph.lordan@lewisbrisbois.com<br>ALLISON L. SHRALLOW (CSB No. 272924)<br>Allison.shrallow@lewisbrisbois.com<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>333 Bush Street, Ste. 1100<br>San Francisco, CA 94104<br>Telephone: 415.362.2580<br>Facsimile: 415.434.0882<br><br>Attorneys for Defendant<br>GOODFELLOW TOP GRADE<br>CONSTRUCTION, LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TRINA HILL,<br><br>   Plaintiff,<br><br>   v.<br><br>GOODFELLOW TOP GRADE,<br><br>   Defendant. | Case No. 4:18-cv-01474-HSG (KAW)<br><br>**[PROPOSED] FORM OF JUDGMENT** |

**[DISPUTED FORM OF JUDGMENT, PROPOSED BY PLAINTIFF]**

On September 17, 2019, the jury entered a verdict after trial. Dkt. 162. The Court now enters its final judgment as follows:

1. Plaintiff Trina Hill is entitled to judgment against Defendant Goodfellow Top Grade Construction, LLC on the following claims under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*) ("Title VII") and to compensatory damages:

   a. Harassment in the amount of $11,250 (harassment based on sex);

   b. Retaliation in the amount of $7,500.

2. Plaintiff Trina Hill is not entitled to judgment against Defendant Goodfellow Top Grade Construction LLC on her claim for discrimination under Title VII.

3. Plaintiff did not fail to mitigate her damages.

4. The parties will file motions under Rule 54 for fees and costs according to a schedule to be set by the Court.

**IT IS SO ORDERED.**

Dated: September ___, 2019

                                          Hon. Haywood S. Gilliam, Jr.
                                          United States District Judge

**Why the Court Should Use This Form of Judgment:**

*Plaintiff's version accurately reflects the claims and the Court's verdict form.*

Defendant's paragraphs 7–10 regarding the claims also do not square with the complaint, verdict form, or established Title VII law. Plaintiff brought and requested damages on three claims: Title VII discrimination, Title VII harassment, and Title VII retaliation. Dkt. 1 pp. 14, 18. A Title VII discrimination claim *may be based on* discrimination because of a plaintiff's race or sex. 42 U.S.C. § 2000e-2. But the *claim* is still for discrimination.

The same is true for Title VII harassment: a claim for harassment *may be based on* allegations of unwelcome conduct concerning race or sex. But the *claim* is still a harassment/hostile work environment claim. Indeed, courts apply the same standards to claims based on sexual harassment theories as they do to claims based on racial harassment theories. *See Kortan v. Cal.*

*Youth Auth.*, 217 F.3d 1104, 1109 (9th Cir. 2000); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 n.10 (2002).

      The Court's verdict form properly reflects the relationship between the *claims* available under Title VII, and the *theories* or *bases*, under which a plaintiff can establish those claims. It set out three claims according to the complaint, acknowledged the bases on which Ms. Hill planned to establish those claims, and provided a space for damages for three—not five—claims. Dkt. 162 ¶¶ 9, 12, 14. Defendant had no objection when asked in court. Defendant's version is an inaccurate representation of the case. The Court should not allow Defendant to manufacture claims so that it can later argue that it was the prevailing party for purposes of its renewed Rule 50 motion or any subsequent motion for costs and fees, Court permitting.

**[DISPUTED FORM OF JUDGMENT, PROPOSED BY DEFENDANT]**

On September 17, 2019, the jury entered a verdict after trial. Dkt. 162. The Court now enters its final judgment as follows:

1. Plaintiff Trina Hill is entitled to judgment against Defendant Goodfellow Top Grade Construction, LLC on the following claims under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*) and to compensatory damages:

   a. Sex harassment in the amount of $11,250; and

   b. Retaliation in the amount of $7,500.

2. Plaintiff did not fail to mitigate her damages.

3. The jury found for Defendant on the following claims brought by Plaintiff under Title VII:

   a. Harassment on the basis of race;

   b. Discrimination on the basis of race; and

   c. Discrimination on the basis of gender

4. The parties will file motions under Rule 54 for fees and costs according to a schedule to be set by the Court.

**IT IS SO ORDERED.**

Dated: September ___, 2019

_____
Hon. Haywood S. Gilliam, Jr.
United States District Judge

**Why the Court Should Use This Form of Judgment:**

Defendant received a jury verdict on the counts noted (race discrimination, race harassment, and race harassment) in its favor. The Court specifically provided the jury with jury instructions (which Plaintiff did not contest) which separated out each of these legal theories (*i.e.,* race harassment, sex harassment, race discrimination, and sex discrimination). Plaintiff's proposed language is misleading and incomplete. It makes no reference to the jury's determination that Plaintiff failed to establish by a preponderance of evidence her race harassment claim. In fact, there is no reference to the race harassment claim at all. And inaccurately states that there was just one

"discrimination claim" when there is in fact two separate causes of action – sex discrimination and race discrimination.  Defendant is entitled to a Form of Judgment which accurately reflects the jury's verdict.  Defendant believes that its proposed version is appropriate, accurate and accounts for each and every separate cause of action in this proceeding (*i.e.,* race harassment, sex harassment, race discrimination, sex discrimination and retaliation).  The Court should not allow Plaintiff to conflate Plaintiff's five separate causes of action into three in an attempt to overstate Plaintiff's success at trial (by stating Plaintiff won two out of three claims, rather than Plaintiff only winning two out of five claims) which will be a disputed issue in the parties' motions for fees.  Moreover, by conflating these five separate causes of action into three Plaintiff is attempting to prevent Defendant from claiming fees on Plaintiff's race harassment, race discrimination and sex discrimination claims on the grounds that each of these separate claims was frivolous, unreasonable, or groundless or if the plaintiff continued to litigate after it clearly became so.  42 U.S.C. § 2000e-5(k) and 28 U.S.C. § 1920.  If the Court accepts Plaintiff's interpretation, Defendant will be prevented from seeking fees on Plaintiff's race harassment claim because the jury found for Plaintiff on her sex harassment claim.  Further, because there are different facts that support Defendant's argument that Plaintiff's race discrimination, sex discrimination and race harassment claims were frivolous, Defendant should be entitled to address each of these claims separately during its motion for fees.  Otherwise, if the Court accepts Plaintiff's interpretation then Defendant has to prove that both of Plaintiff's discrimination claims (race <u>and</u> sex discrimination) together were frivolous, unreasonable, or groundless or that Plaintiff continued to litigate after they clearly became so.  Defendant should be allowed to make and the Court should decide whether each of Plaintiff's discrimination claims meet this standard when deciding Defendant's motion for fees.