UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRINA HILL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GOODFELLOW TOP GRADE,<br><br>　　　　Defendant. | Case No. 18-cv-01474-HSG<br><br>**ORDER DIRECTING SUPPLEMENTAL BRIEFING**<br><br>Re: Dkt. No. 172 |

Pending before the Court is Defendant's renewed motion for judgment as a matter of law. Dkt. No. 172. In its reply brief, Defendant argued for the first time that "as a matter of law, three alleged incidents over the course of Plaintiff's four month employment are not sufficiently severe or pervasive." Dkt. No. 174 at 4 (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)). Although arguments not raised by a party in its opening brief are ordinarily deemed waived, *see Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999), the Court may consider new arguments raised in a reply brief "only if the adverse party is given an opportunity to respond." *Banga v. First USA, NA*, 29 F. Supp. 3d 1270, 1276 (N.D. Cal. 2014) (citations omitted). Thus, Plaintiff is directed to submit a supplemental brief, not to exceed three pages, addressing whether the three alleged incidents are severe and pervasive to support a hostile work environment claim under relevant Ninth Circuit caselaw. Plaintiff may not repeat arguments raised in her opposition brief. In her sur-reply, Plaintiff should explain how the incidents in this case differ from those in *Brooks v. City of San Mateo*, 229 F.3d 917 (9th Cir. 2000) and *Westendorf v. W. Coast Contractors of Nevada, Inc.*, 712 F.3d 417 (9th Cir. 2013), cases in which the Ninth Circuit held the alleged misconduct did not establish sufficiently severe or pervasive sexual harassment.

//

Plaintiff must file the brief by November 15, 2019.  No responsive filings will be permitted.

**IT IS SO ORDERED.**

Dated:  11/5/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge